UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:

CHRISTOPHER J. WALLACE,

    Plaintiff,

v.

JONATHAN HAY,

    Defendant.
_____/

## COMPLAINT
(Demand for Jury Trial)

The Plaintiff, CHRISTOPHER J. WALLACE, sues the Defendant, JONATHAN HAY, individually, and states:

## INTRODUCTION

1. This action arises from a calculated smear campaign by Defendant Jonathan Hay, a self-styled publicist and music producer, who has publicly and falsely accused plaintiff Christopher Jordan Wallace, known as "CJ"—the son of the late famed rapper, Christopher Wallace (a/k/a "The Notorious B.I.G.")—of a variety of misconduct. In a series of widely disseminated interviews in 2024 and 2025, Hay fabricated salacious claims that Wallace engaged in sexual relationships with Sean "Diddy" Combs and Wallace's co-producer, Willie Mack, attended Combs's alleged "freak-off" parties, and conspired to lure Hay to a location where Combs purportedly

1

assaulted him, among other false statements. These statements were false, made with actual malice, and with intent to damage Wallace's personal and professional reputation within the entertainment industry. Wallace now seeks to hold Hay responsible for the reputational damage and loss of economic opportunities caused by Hay's wildly false and defamatory allegations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Personal jurisdiction exists and venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Hay resides in this District.

## PARTIES

4. Plaintiff, CHRISTOPHER "CJ" WALLACE is an individual residing in Los Angeles County, California, and a citizen of that State.

5. Defendant JONATHAN HAY is an individual residing in Pinellas County, Florida, and a citizen of this State.

## FACTUAL ALLEGATIONS

6. In February 2020, Wallace and his co-producer, Willie Mack, were introduced to Jonathan Hay by a Forbes journalist, Javier, who had previously profiled Hay's work on an Eric B. & Rakim project. Following an introductory meeting in Los Angeles, CJ, Mack, and Hay discussed a potential collaboration on a remix project of The Notorious B.I.G's album, "Ready to Die."

2

7. From approximately March to August 2020, Hay worked on the remix project, now entitled "Ready to Dance" with Wallace and Mack. Eventually a single was released, but Wallace and the Notorious B.I.G. Estate declined to proceed with releasing the remainder of the songs that had been produced by Hay due to low audience interest in the single, Hay's erratic behavior, and creative differences.

8. Hay became irate at the decision to not release the remainder of the songs and began falsely accusing Mack of inappropriate and abusive behavior, which Mack denied. However, despite falsely accusing Mack of all types of improper behavior in 2021, Hay made *no allegation* that Wallace had engaged in any type of misconduct or been involved in a supposed assault on Hay by Sean "Diddy" Combs. To the contrary, on July 11, 2021, Hay stated in an email to Wallace and others that "I have absolutely loved working with CJ and you guys as it's truly been an honor and a privilege." While Hay expressed his frustration with supposed delays caused by Mack and accused him of supposed manipulative and inappropriate behavior, he told Wallace and others that "I have NO issues whatsoever with anyone else outside of Willie. It's been a complete joy working with all of you."

9. However, still outraged at the decision that his remaining songs would not be released, Hay began threatening to release the songs he had remixed without the permission of the Notorious B.I.G. Estate. This led eventually a cease and desist letter to Mr. Hay on July 15, 2021. Again, despite being embroiled in serious disputes with Mack, Wallace, and the Notorious B.I.G. Estate, Hay made no allegations of either Wallace or Mack being involved in any supposed assault on Hay by Sean Combs.

**COUNT ONE:**
**DEFAMATION PER SE AND PER OUOD**
**AGAINST JONATHAN HAY**

10. Plaintiff hereby alleges and incorporates the allegations set forth in Paragraphs 1 to 9 of the Complaint.

11. Beginning in late 2024, Hay began appearing in online interviews and podcasts in which he made wildly outrageous, false and defamatory accusations against Wallace. On October 8, 2024, Hay gave a public interview in which he falsely and publicly claimed that "Puffy and Biggie's son CJ had sexual relations." He further falsely claimed that Mack was Wallace's "boyfriend." Hay also falsely accused Wallace of witnessing and/or participating in criminal sexual activity at "freak-off" parties allegedly hosted by Sean Combs. None of these accusations were true. They were fabricated by Hay to gain attention for himself and damage Wallace's reputation. The interview, captioned "Uncovering Diddy's Secrets: The Untold Legacy of Biggie & Shocking Revelations by Jonathan Hay," has been published on YouTube and received over 136,000 views on one YouTube channel alone. The interview and the false allegations contained therein against Wallace been republicized and republished on many other websites.

12. On October 14, 2025, Hay gave another interview in which he made more shockingly false and outrageous allegations against Wallace. In that interview, Hay falsely accused Wallace of setting Hay up to be sexually assaulted by Combs at Wallace's house and witnessing a supposed sexual assault at his house. These

allegations were false and fabricated by Hay. The interview has been posted to YouTube and entitled "Jonathan Hay Details EXACTLY What Happen When Diddy A$$AULTED Him, Forced to S*CK D*CK & VlOLATED!" The interview has received over 27,000 views on this channel alone and has been republicized and republished on many other websites.

13. Hay published the foregoing false, unprivileged statements of fact about Wallace to third parties. The statements constitute defamation per se or, alternatively, defamation per quod.

14. Hay acted with actual malice, knowing the statements were false or with reckless disregard for their truth or falsity.

15. As a direct and proximate result, Wallace has suffered general and special damages, including loss of professional opportunities, humiliation, and mental anguish.

16. Wallace is entitled to punitive damages because Hay had actual knowledge that his allegations against Wallace were false, and Hay made the allegations with the intention to damage Wallce's reputation.

## PRAYER FOR RELIEF

1. For an award of compensatory damages in an amount to be proven to the jury;

2. Punitive damages for Hay's malicious and reckless conduct; and

3. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of November, 2025.

        BITMAN O'BRIEN, PLLC

        /s/ Ronnie Bitman, Esq.
        Ronnie Bitman, Esquire
        Fla. Bar No. 0744891
        rbitman@bitman-law.com
        acrown@bitman-law.com
        610 Crescent Executive Ct., Ste. 112
        Lake Mary, FL 32746
        Telephone: 407.815.3110

        Jeremiah Reynolds*
        Eisner, LLP
        jreynolds@eisnerlaw.com
        433 N. Camden Drive, 4th Floor
        Beverly Hills, CA 90210
        Telephone: (310) 855-3200
        *Attorneys for Plaintiff Christopher J. Wallace*

        * *Pro hac vice application forthcoming*