UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

CHRISTOPHER J. WALLACE,

        Plaintiff,

v.

JONATHAN HAY,

        Defendant.

Case No.: 8:25-cv-03091

### PLAINTIFF CHRISTOPHER JORDAN WALLACE'S OPPOSITION TO

### DEFENDANT JONATHAN HAY'S MOTION TO SET ASIDE CLERK'S DEFAULT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ....................................................................................2

III. LEGAL STANDARD..............................................................................................3

IV. ARGUMENT ...........................................................................................................4

    A. Defendant Does Not Meet His Burden Because He Offers No Evidence Or Legal Authority In Support of His Motion.................................4

    B. Even If the Court Ignored That Defendant Offers No Evidence Or Law And Accepts Defendant's Bare Assertions, The Motion Still Fails. ....................................................................................................................7

        1. Service of Process Was Proper and Constitutionally Sufficient.......................................................................................................7

        2. Defendant's Default Was the Product of Culpable Conduct, Not Excusable Neglect ..............................................................................10

        3. Defendant Has Failed to Demonstrate a Meritorious Defense ........12

        4. Prejudice to Plaintiff .............................................................................13

V. CONCLUSION .....................................................................................................13

3114017

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alonso Cano v. 245 C & C, LLC,*
2019 WL 11769102 (S.D. Fla. Nov. 25, 2019) ......................................................6

*Audalus v. Scottsdale Ins. Co.,*
566 F. Supp. 3d 1318 (S.D. Fla. 2021)...............................................................10

*In re Caro,*
657 B.R. 888 (Bankr. M.D. Fla. 2024)............................................................3, 7

*Compania Interamericana Export-Import, S.A. v. Compania*
*Dominicana de Aviacion,*
88 F.3d 948 (11th Cir. 1996) ..................................................................... 3, 4, 13

*DeBoskey v. SunTrust Mortg., Inc.,*
2017 WL 10425584 (M.D. Fla. Nov. 30, 2017) ....................................................6

*Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.,*
No. 5:23-CV-64-JA-PRL, 2023 WL 6975984 (M.D. Fla. Oct. 23,
2023)..................................................................................................................9

*Gardner v. Mutz,*
488 F. Supp. 3d 1204 (M.D. Fla. 2020), aff'd, 857 F. App'x 633
(11th Cir. 2021) .................................................................................................6

*Grupo Rayco C.A. v. Delta Air Lines, Inc.,*
2021 WL 1351859 (N.D. Ga. Mar. 16, 2021) .......................................................3

*Manufacturers Hanover Tr. Co. v. Ponsoldt,*
51 F.3d 938 (11th Cir. 1995) ...............................................................................9

*N.L.R.B. v. McClain of Georgia, Inc.,*
138 F.3d 1418 (11th Cir. 1998)............................................................................5

*Organizacion Miss Am. Latina, Inc. v. Urquidi,*
712 F. App'x 945 (11th Cir. 2017) ....................................................................10

*Savoia-McHugh v. Glass,*
2020 WL 12309559 (N.D. Fla. Dec. 10, 2020), aff'd 95 F.4th 1337
(11th Cir. 2024).......................................................................................... 3, 4, 13

3114017

*Weingarten v. Campagna,*
178 B.R. 283 (M.D. Fla. 1995), aff'd, 86 F.3d 1169 (11th Cir. 1996)..................10

*In re Worldwide Web Systems, Inc.,*
328 F.3d 1291 (11th Cir. 2003).........................................................................12

**Statutes**

Florida Statute § 48.161.......................................................................... 3, 8, 9

**Other Authorities**

Federal Rule of Civil Procedure 4(e)(1) ...................................................................7

Local Rule 3.01 .........................................................................................6

Local Rule 3.01(a) ......................................................................................6

Local Rule 3.01(b).......................................................................................6

Federal Rule of Civil Procedure 55(c) ................................................................... 11

3114017

## I. **<u>INTRODUCTION</u>**

Defendant Jonathan Hay ("Defendant") offers no evidence or legal authority in support of his Motion to Set Aside Clerk's Default, falling woefully short of meeting his burden to show there is good cause to set aside the default entered against him.

For months, Defendant has engaged in a deliberate pattern of concealment and evasion designed to frustrate service of process and obstruct the orderly administration of this case. He provided a false address in sworn discovery responses in a related proceeding. He vacated that address without notice, leaving no forwarding address. His counsel refused to accept service and ignored requests to supplement the false discovery response. Plaintiff's process servers attempted service seventeen times at different addresses over four months, retained a private investigator, and exhausted every reasonable avenue before turning to substituted service through the Florida Secretary of State—exactly the remedy the Florida Legislature created for defendants who conceal their whereabouts.

Now, having successfully been served and failing to respond, Defendant asks this Court to set aside the resulting default and reward his obstruction. His motion offers nothing more than conclusory assertions of "excusable neglect," an unsupported claim of a "meritorious defense," and the self-serving characterization of this lawsuit as "retaliatory." (Dkt. 18 at 1.) He provides no sworn declaration, no factual proffer, and no legal authority. Indeed, Defendant

1

does not even contend that he was unaware of his obligation to respond. Instead, he just claims to have been otherwise "occupied." (*Id.*) This is not good cause. Defendant's motion should be denied.

## II. <u>STATEMENT OF FACTS</u>

On November 13, 2025, the Summons and Complaint were issued in this action. (Dkt. 1.) Plaintiff immediately undertook diligent efforts to locate and serve Defendant, which were detailed in Defendant's Motion for Entry of Default by the Clerk filed on May 5, 2026. (*See* Dkt. 15; Dkt. 15-1.)

To briefly recap, over the course of four months, Plaintiff made approximately seventeen service attempts at multiple addresses, using three separate process servers and a licensed private investigator. (Dkt. 12 at ¶¶ 6- 28.) For instance, service was attempted at the address Defendant provided in verified discovery responses in a related California proceeding, where property management stated he resided illegally and the subsequent occupant and landlord confirmed Defendant had vacated with no forwarding address. (*Id.* at ¶¶ 19-20, 23.) At a second Florida address, Defendant's own daughter confirmed he had left the state. (*Id.* at ¶ 16.) A skip trace revealed "a pattern of transience and frequent relocations," and multiple phone numbers were disconnected. (*Id.* at ¶¶ 26, 27(j).) Plaintiff's counsel contacted Defendant's California counsel, who refused to accept service and ignored requests to supplement the false discovery address. (*Id.* at ¶¶ 8-10.) Having exhausted all reasonable avenues, Plaintiff effected substituted service on the Florida Secretary of State on April 2, 2026

2

pursuant to Florida Statute § 48.161, mailed notice by certified mail to Defendant's three last known addresses and emailed Defendant and his counsel, and filed an affidavit in support of the substitute service and the return of service with this Court. (Dkts. 12, 14, 15.)

Defendant's response was then due on April 28, 2026.  Defendant did not seek any extension nor file any responsive pleading.  (*See* Dkt. 15-1 ¶¶4-5.) Accordingly, Plaintiff moved the Court for entry of default on May 5, 2026 (Dkt. 15), which the Court endorsed and the Clerk entered on May 6, 2026. (Dkt. 16, 17.)

## III.  **<u>LEGAL STANDARD</u>**

A defendant seeking to set aside a clerk's entry of default bears the burden of showing "good cause." *In re Caro*, 657 B.R. 888, 894 (Bankr. M.D. Fla. 2024). "The determination of whether good cause exists under Rule 55(c) is within the court's discretion."  *Grupo Rayco C.A. v. Delta Air Lines, Inc.*, 2021 WL 1351859, at *4 (N.D. Ga. Mar. 16, 2021).  The Eleventh Circuit has held that this requires the defaulting party to show the following factors in favor of setting aside the default: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Savoia-McHugh v. Glass*, 2020 WL 12309559, at *2 (N.D. Fla. Dec. 10, 2020), aff'd 95 F.4th 1337 (11th Cir. 2024); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  While defaults are generally disfavored, a

3114017

defendant who willfully defaults or who demonstrates a reckless disregard for the effect of his conduct on the proceedings is not entitled to relief. *Compania Interamericana Export-Import, S.A.*, 88 F.3d 948, at 951-52.

## IV. ARGUMENT

### A. Defendant Does Not Meet His Burden Because He Offers No Evidence Or Legal Authority In Support of His Motion.

Defendant does not come close to satisfying his burden of proof on his motion to set aside the clerk's entry of default because he offers no evidence or legal authority in support of it. *Savoia-McHugh*, 2020 WL 12309559, at *2. Each of these deficiencies alone are sufficient to deny his Motion.

As a threshold matter, courts in the Eleventh Circuit consistently hold that a defendant seeking to vacate an entry of default must present actual evidence — typically in the form of affidavits, declarations, or other competent proof — to support the factual allegations made in the motion, particularly in order to demonstrate he has a meritorious defense. For example, in *U.S. v. Nalls*, a court in the Southern District of Florida denied a motion to set aside entry of default and specifically noted that the motion was "conspicuously absent" of any affidavit from the defendant in support of any of the factual allegations, and that the defendant had provided "no citation to legal authority, save rule 55." 177 F.R.D. 696, 697 n.4 (S.D. Fla. 1997). The court found the default was culpable and that the defendant had presented no meritorious defense at all. *Id*. at 698. Similarly, in *In re Durango Georgia Paper Co.*, the court denied a motion to set aside

3114017

default where the defendant's motion was "entirely devoid of any factual assertions that would justify my setting aside the entry of default." 314 B.R. 881, 884 (S.D. Ga. 2004). The court emphasized that a defendant "cannot merely rely on the general denials and conclusory statements. Instead, Defendant must allege some evidence of a factual basis for a meritorious defense before the Court can seriously consider opening the default." *Id.*

Here, as in *Nalls* and *Durango*, Defendant does not offer any sworn declaration, affidavit, or other competent evidence. (*See* Dkt. 18.) The motion consists entirely of bare assertions and unsupported contentions. (*Id.*) Defendant therefore has offered no competent evidence supporting his factual claims regarding his alleged inability to respond, his purported preoccupation with other litigation, or any other circumstance he contends excuses his failure to respond to the complaint. (*Id.*) Accordingly, as in *Nalls* and *Durango*, Defendant fails to meet his evidentiary burden to show that he was not culpable and can present a meritorious defense. His Motion could and should be denied on this basis alone.

Compounding the evidentiary deficiency is Defendant's failure to present any legal authority or analysis in support of his Motion. The Eleventh Circuit has recognized that issues raised in a "perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). Courts have further explained that "a party's failure to cite legal authority

3114017

in support of its position 'suggests either that there is no authority to sustain its position or that it expects the court to do its research.'" *Alonso Cano v. 245 C & C, LLC*, 2019 WL 11769102, at *10 (S.D. Fla. Nov. 25, 2019) (citation omitted). Courts routinely "decline[] the invitation to do Defendants' research and reject[] their arguments for failure to cite supporting authority." *Id.* (collecting cases). This Court can and should similarly reject Defendant's arguments for his failure to cite supporting authority.

What's more, Defendant's failure to cite authority or present legal analysis also violates Local Rule 3.01(b), which requires a motion include "a legal memorandum supporting the request [for relief]." M.D. Fla. R. 3.01(b). Courts in this District routinely deny motions that fail to include the required memorandum of law required by Local Rule 3.01. *See Gardner v. Mutz*, 488 F. Supp. 3d 1204, 1207 (M.D. Fla. 2020), aff'd, 857 F. App'x 633 (11th Cir. 2021) (affirming denial of the motion because, in pertinent part, the motion violated Local Rule 3.01(a) because it failed to include a memorandum of legal authority); *see also DeBoskey v. SunTrust Mortg., Inc.*, 2017 WL 10425584, at *2 (M.D. Fla. Nov. 30, 2017) (denying motion because it violated Local Rule 3.01(a), was "substantively less than one page long," and merely identified statutes without meaningful legal analysis, requiring the court to "research the law and make the defendant's argument for it"), report and recommendation adopted, 2018 WL 6168125 (M.D. Fla. Nov. 26, 2018).  Defendant's violation of the Local Rules operates as yet another ground to deny his Motion.

3114017

Ultimately, Defendant cannot satisfy his burden to demonstrate good cause to set aside the Clerk's entry of default without evidence or legal authority. *In re Caro*, 657 B.R. at 894. Defendant provides no declaration explaining his conduct, no affidavit describing the circumstances surrounding his failure to respond, no factual proffer establishing a meritorious defense, and no meaningful memorandum of legal authority supporting the requested relief. (*See* Dkt. 18.) Instead, Defendant asks the Court to accept counsel's unsworn narrative at face value. The Court should decline to do so.

## B. Even If the Court Ignored That Defendant Offers No Evidence Or Law And Accepts Defendant's Bare Assertions, The Motion Still Fails.

To the extent the Court considers Defendant's Motion despite the absence of authority or evidence, he fails to show good cause exists to set aside the clerk's default judgment.

### 1. Service of Process Was Proper and Constitutionally Sufficient

Defendant's principal argument is that substituted service through the Florida Secretary of State was "improper" because Plaintiff allegedly failed to satisfy the "rigorous prerequisite of diligent inquiry." (Dkt. 18 at 1.) This argument is refuted by the record.

Federal Rule of Civil Procedure 4(e)(1) expressly authorizes service "following state law for serving a summons in an action brought in courts of

3114017

general jurisdiction in the state where the district court is located." Florida Statute § 48.161 permits substituted service on a nonresident defendant who is "concealing his or her whereabouts" by serving the Florida Secretary of State, provided the plaintiff demonstrates due diligence. The statute requires the plaintiff to show: (a) diligent inquiry and an honest and conscientious effort to locate the defendant; (b) reasonable employment of all knowledge at plaintiff's command; and (c) an appropriate number of service attempts under the circumstances.

Plaintiff satisfied every requirement. Process servers made seventeen attempts at two different addresses, at varying times of day, over four months. (*See supra* § II.) Three separate process servers were retained. (*Id.*) Inquiries were made of neighbors, property management, the current occupant, and Defendant's own family. (*Id.*) A private investigator conducted a comprehensive skip trace. (*Id.*) Plaintiff's counsel contacted Defendant's counsel in the related matter repeatedly and was rebuffed. (*Id.* at ¶ 27(h).) After service on the Secretary of State, Plaintiff mailed notice by certified mail to all three last known addresses and emailed Defendant and his counsel. (*Id.* at ¶¶ 30-31.)

Defendant offers no factual rebuttal. Indeed, he does not even contend that he was unaware of this case before his deadline to respond. (*See generally* Dkt. 18.) Nor does he dispute the facts set forth in the Affidavit of Compliance (Dkt. 12). He simply claims he was otherwise "occupied" and asserts that service was "improper." (Dkt. 18 at 1.) This is insufficient and fails to meet his burden to

3114017

show he was not culpable. *Manufacturers Hanover Tr. Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995) (upholding substitute service on the Florida Secretary of State where the plaintiff complied with the statutory requirements).

Moreover, Defendant's own conduct is what necessitated substituted service. He gave a false address in sworn discovery responses. (Dkt. 12 at ¶ 27(g).) He vacated his residence without providing a forwarding address. (*Id.* at ¶ 27(e).) His counsel refused to accept service and ignored requests to supplement the false address. (*Id.* at ¶ 27(h).) A party who actively conceals his whereabouts cannot be heard to complain that he was not personally served. Florida Statute § 48.161 exists precisely for this situation. *Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.*, No. 5:23-CV-64-JA-PRL, 2023 WL 6975984 at *3 (M.D. Fla. Oct. 23, 2023) (approving substituted service where the defendant had actual notice of the action but concealed his whereabouts and avoided personal service despite numerous diligent attempts).

Here, Defendant's purported justification for failing to respond to the complaint is even weaker than the one rejected by the court in *U.S. v. Nall*, where the defendant claimed to be ignorant of the fact that he was required to file a response.  177 F.R.D. at 697-98. There is no contention that Defendant did not receive actual or constructive notice of the action.  His failure to respond is therefore willful.  *Id.*

9

3114017

## 2. Defendant's Default Was the Product of Culpable Conduct, Not Excusable Neglect

Defendant claims his failure to respond was "not willful" and resulted from his preoccupation with California litigation and law enforcement referrals. (Dkt. 18 at 1.) This argument is both legally insufficient and factually self-defeating.

Unlike in other circuits, the Eleventh Circuit does not require culpable or willful conduct on the part of the defendant to deny a motion to set aside default. *Weingarten v. Campagna*, 178 B.R. 283, 285 (M.D. Fla. 1995), aff'd, 86 F.3d 1169 (11th Cir. 1996). Instead, where a party offers no good reason for the late filing of an answer, entry of default is appropriate, and it would be an abuse of discretion to set aside a default judgment where no good reason has been offered for the default. *Id.* Excusable neglect has been defined as the "failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021). Negligent failure to respond to an opposing party does not constitute excusable neglect, "even if [the responding party] is preoccupied with other litigation." *Id.* at 1321. Once the Court finds that the Defendant demonstrated reckless disregard for the judicial proceedings, it "need make no other findings" before denying the motion to set aside the default judgement. *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 947 (11th Cir. 2017) (affirming denial of motion to set aside default

10

3114017

judgment where defendant received multiple pre-suit communications regarding the dispute, had frequent engagement with plaintiff before suit, and was found to be intentionally evasive and to have acted with reckless disregard for the judicial proceedings).

Here, as discussed above, Defendant ignored and actively evaded service until receiving notice that the Court had entered default. (*See* Dkt. 12.) Having failed to participate in this action despite ample notice, Defendant now seeks to take advantage of both the Court's preference for resolving cases on the merits and Plaintiff's extraordinary efforts to effect service. Defendant's primary excuse—that he was "busy" with other litigation—does not constitute good cause under Rule 55(c). (See Dkt. 18 at 1.) Defendant is a litigant in a similar action involving the same plaintiff, was plainly aware of the underlying dispute, and does not deny knowledge of this lawsuit. Indeed, Plaintiff contacted Defendant's counsel in the related matter regarding this action as early as January 8, 2026— nearly four months before default was entered. (*Id.* at ¶¶ 8-10.) Under these circumstances, Defendant cannot credibly claim ignorance of these proceedings or justify his failure to timely respond.

Second, Defendant's conduct goes well beyond mere neglect. He provided a false address in discovery. (*Id.* at ¶ 9.) He relocated without notice. (*Id.* at ¶ 27.) His counsel refused service and ignored supplementation requests. (*Id.* at ¶¶ 8-10.) This is not the conduct of a party who simply forgot to respond—it is the conduct of a party who deliberately sought to avoid the jurisdiction of this Court.

3114017

### 3. Defendant Has Failed to Demonstrate a Meritorious Defense

To satisfy the meritorious defense prong, a defendant "must make an affirmative showing that a defense that is likely to be successful," supported by facts, not bare conclusions. *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1296-97 (11th Cir. 2003) (holding that reference to an Answer and Affirmative Defenses to the Complaint does not satisfy the burden of showing a meritorious defense.)

Defendant's motion states only that his Proposed Answer is "attached" and that the Complaint's claims are "factually inaccurate." (Dkt. 18 at 1.) He provides no sworn declaration, no affidavit, no factual proffer of any kind, and no legal argument identifying a cognizable defense. *In re Worldwide Web Systems, Inc.*, 328 F.3d at 1296. The Proposed Answer itself (Dkt. 19) only underscores this failure. It offers nothing more than a blanket denial that Defendant committed "defamation and wrongful conduct" and four conclusory affirmative defenses: (1) improper service, (2) First Amendment protection, (3) failure to state a claim, and (4) retaliation/abuse of process. (Dkt. 19 at 1.) None of these defenses are accompanied by a single supporting factual allegation. The First Amendment defense, for example, asserts only that Defendant's "statements and actions were protected activities" without identifying what statements were made, when, to whom, or in what context. (*Id.*) The abuse of process defense asserts this case is "retaliatory" and "intended to interfere with a criminal referral" but provides no

3114017

factual basis for that characterization. (*Id.*) Such conclusory assertions, unsupported by any factual proffer, do not satisfy the meritorious defense requirement. *See Compania Interamericana*, 88 F.3d at 951.

### 4. Prejudice to Plaintiff

While Defendant's complete failure to meet his burden on the first and third factors is sufficient to deny his Motion, it is further worth noting that he does not even attempt to address the prejudice to Plaintiff in granting his Motion. He thus fails to meet his burden on this prong as well. And there would be prejudice to Plaintiff: While the case is in its early stages, Defendant's pattern of evasion and concealment strongly suggests that further proceedings will be characterized by the same obstruction and delay. Defendant has already consumed months of Plaintiff's resources—retaining three process servers, a private investigator, and preparing extensive briefing—simply to achieve service. (Dkt. 12 at ¶¶ 6-28.) Vacating the default would reward Defendant's obstruction and invite further delay. *Savoia-McHugh*, 95 F.4th at 1341.

## V. CONCLUSION

For the foregoing reasons, Defendant Jonathan Hay's Motion to Set Aside Clerk's Default should be denied.

3114017

Dated: June 9, 2026 BITMAN O'BRIEN, PLLC

/s/ Ronnie Bitman, Esq.
Ronnie Bitman, Esquire
Fla. Bar No. 0744891
rbitman@bitman-law.com
acrown@bitman-law.com
610 Crescent Executive Ct., Ste. 112
Lake Mary, FL 32746
Telephone: 407.815.3110

and

/s/ Jeremiah Reynolds
Jeremiah Reynolds *(Pro Hac Vice )*
jreynolds@eisnerlaw.com
EISNER, LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
(310) 855-3200

*Attorneys for Christopher J. Wallace*

3114017