**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER J. WALLACE**,

Plaintiff,

v. **Case No.: 8:25-cv-03091-MSS-SPF**

**JONATHAN HAY**,

Defendant.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Jonathan Hay's ("Hay") Motion to Set Aside the Clerk's Default, (Dkt. 18), the Response in opposition thereto filed by Plaintiff Christopher J. Wallace ("Wallace"), (Dkt. 20), Wallace's Motion for Default Judgment, (Dkt. 21), and Hay's Response in opposition. (Dkt. 22) For the reasons that follow, the Court **DENIES** Defendant Hay's Motion to Set Aside the Clerk's Default and **HOLDS IN ABEYANCE** Plaintiff Wallace's Motion for Default Judgment.

On April 2, 2026, after approximately seventeen service attempts with three process servers, Wallace effectuated substituted service on Hay by serving the summons and complaint on Florida Secretary of State as permitted by Fla. Stat. § 48.161. See Fed. R. Civ. P. 4(e)(1) ("an individual . . . may be served by . . . following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made."); (Dkt. 20) Wallace emailed and mailed a copy of the summons, compliant, and notice of substituted service to Hay on April 7, 2026. (Dkt. 20) Therefore, Hay's answer or other response to the complaint was due on April 28, 2026. See Fla. Stat. § 48.161(8) ("Service of process is effectuated under this section on the date the affidavit of compliance is filed, or the date when the notice of service requirements under subsection (3) are completed, whichever is later."). On May 5, 2026, Wallace moved for entry of Clerk's Default. (Dkt. 15) On May 6, the Clerk entered default against Hay pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 17) On May 26, Hay filed the instant Motion to Set Aside Clerk's Default, (Dkt. 18), and his Answer and Affirmative Defenses. (Dkt. 19) Wallace timely responded in opposition to Hay's Motion. (Dkt. 20) Thereafter, on June 10, 2026, Wallace filed his Motion for Default Judgment, (Dkt. 21), and Hay filed an untimely response in opposition. (Dkt. 22)

## I. Setting Aside Clerk's Default

Generally, a party must serve an answer within twenty-one (21) days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Under Federal Rules of Civil Procedure 55(a), when a defendant has failed to plead or otherwise defend an action, the clerk shall enter a default against the defendant. Once default is entered, however, it can be set aside upon a showing of good cause. Fed. R. Civ. P. 55(c).

A court has discretion in deciding whether to set aside an entry of default. Compania Interamericana Export-Import, S.A. v. Compania Dominicana de

Aviacion, 88 F.3d 948 (11th Cir. 1996) (finding the good case standard from Rule 55(c) is not rigidly defined and varies from situation to situation) [hereinafter "Compania Interamericana"]. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. Equal Emp't Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990).

The Eleventh Circuit has recognized that good cause is not susceptible of a precise formula, although some general guidelines are commonly applied. Compania Interamericana, 88 F.3d at 951. In determining whether good cause exists to set aside an entry of default, courts consider: "(a) whether the default was culpable or willful, (b) whether setting it aside would prejudice the adversary, and (c) whether the defaulting party presents a meritorious defense." Compania Interamericana, 88 F.3d at 951. The defaulting party bears the burden to show good cause. Nat'l Indem. Co. of the S. v. H & C Fla. Trucking, Inc., No. 6:22-cv-74-PGB-LHP, 2023 WL 1824564, at *1 (M.D. Fla. Jan. 31, 2023). "[T]here is a strong policy of determining cases on their merits" and the Eleventh Circuit views defaults with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana, 88 F.3d at 951-52. "Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate." In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987).

The Court finds that Hay has not shown good cause to set aside the Clerk's Default for the reasons that follow.

**a. Service of Process**

First, Hay contests service of process by asserting that "substitute[d] service via the Florida Secretary of State was improper and fails to meet the constitutional requirements of due process, as Plaintiff did not satisfy the rigorous prerequisite of diligent inquiry into [his] location." (Dkt. 18) The assertion that Wallace did not diligently try to locate Hay is belied by the seventeen service attempts by three different process servers, the hiring of a private investigator, and the use of a skip trace. (Dkts. 14, 20) Wallace's substituted service through the Florida Secretary of State was also proper. Fed. R. Civ. P. 4(e)(1) allows an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." As this Court is in Florida, Wallace properly used Florida's substituted service law when he was unable to serve Hay through personal service. Fla. Stat. § 48.161.

The Florida substituted service statute states that "when an individual . . . conceals his [ ] whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use the substituted service method specified in [Fla. Stat. § 48.161](1) in connection with any action in which the court has jurisdiction over the individual." Fla. Stat. § 48.161(2).[1] The Court

[1] The Court has jurisdiction over Hay because he admits he lives in Florida, (Dkt. 22), and the Court has jurisdiction over this action under 28 U.S.C. § 1332 as set forth in the Complaint. (Dkt. 1)

found as early as February 13, 2026 that Hay was possibly evading service. (Dkt. 9) Now, after review of the numerous service attempts outlined by Wallace, the Court finds that Hay was concealing his whereabouts and substituted service was proper.

The Florida statute also requires (1) notice of service and a copy of the process be sent to Hay through mail to the last known physical address and email to the last known electronic address, (2) Wallace to file proof of service or return receipts "unless the party is refusing or rejecting delivery of the notice or the party is concealing himself," and (3) an affidavit of compliance filed within 40 days after substituted service. Fla. Stat. § 48.161(3)-(4). Wallace met all the requirements. (Dkts. 12, 14) The affidavit is sufficiently detailed, (Dkt. 12), and the return of service describes the notice that was sent to Hay's multiple addresses, email, and counsel in a separate matter. (Dkt. 14) Wallace was not required to file a signed return receipt due to Hay's concealment of his whereabouts. Fla. Stat. § 48.161(4).

Accordingly, the Court finds that the properly executed substituted service is not a basis to set aside the Clerk's Default.

**b. Failure to Respond Due to Other Obligations**

Next, Hay asserts the Court should set aside Clerk's Default because his failure to respond was not willful as he was occupied with other civil litigation in California. (Dkt. 18) Hay cites no legal authority to support his assertion that being occupied by other litigation shows good cause for failure to respond. Hay also does not assert that he did not understand the procedures necessary to respond to the Complaint or that he unaware of the deadline. See DZ Bank Ag Deutsche Zentral-Genossenschaftsbank,

Frankfurt Am Main, New York Branch v. Sandra K. Gardner Ins., Inc., No. 8:09-CV-1218-T-33MAP, 2010 WL 668260, at *1 (M.D. Fla. Feb. 19, 2010) (finding good cause to set aside a clerk's default in part because the "pro se Defendants did not understand the procedures necessary to respond to the complaint"). Hay does not deny knowledge of the instant case. Hay also does not state that he was unaware of the substituted service, only that it was improper.

Hay also waited twenty days after entry of Clerk's Default to file his motion to set aside the Default. See Sherrard v. Macy's System and Tech. Inc., 724 Fed. App'x. 736, 738 (11th Cir. 2018) (affirming the district court's order setting aside the clerk's default because defendant's counsel was not aware that service had occurred, and defendant promptly corrected the error by filing the motion to set aside the default one day after it learned of service).[2] The only reason Hay gives for his further delay in seeking to set aside the Clerk's Default is, again, that he was occupied with the California litigation. The Court finds that this assertion, even if true, does not constitute good cause to set aside the Clerk's Default.

Furthermore, the Court finds that the lack of good cause for Hay's default and the evasion of personal service as proven by Wallace's submissions demonstrate Hay's reckless disregard for the judicial proceedings. "If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

court need make no other findings in denying relief." Compania Interamericana, 88 F.3d at 951–52.

**c. Meritorious Defenses**

Even though the Court finds Hay showed reckless disregard for the instant proceedings, the Court will address Hay's last assertion in his Motion to Set Aside Clerk's Default. Hay concludes his Motion by stating that he has a meritorious defense in his Answer. (Dkt. 18) He states in his motion that the "claims are factually inaccurate[,] and are subject to [ ] law enforcement referral currently under District Attorney review." (Id.) However, Hay's Answer does not present a meritorious defense. Hay alleges improper service and contends that his statements that serve as the basis for Wallace's complaint were protected by the First Amendment. (Dkt. 19) He also states in conclusive fashion that "[t]he Complaint fails to state a claim upon which relief can be granted." (Id.) Finally, he states that the case is retaliatory.

The Eleventh Circuit requires a party to "make an affirmative showing of a defense that is likely to be successful," to establish a meritorious defense. In re Worldwide Web Sys., Inc., 328 F.3d at 1296. Here, the four sentences asserting the four defenses do not suffice as an affirmative showing that the defense is likely to be successful. Hay also asserts two general denials. (Dkt. 19) This is not enough.

In sum, Hay's Motion to Set Aside the Clerk's Default is due to be **DENIED**.

## II. Default Judgment

Next, Wallace moves for an entry of final default judgment against Hay. (Dkt. 21) The Court will hold this motion in abeyance pending a hearing on damages.

"A default judgment must not differ in kind from or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages, or otherwise. See Fed. R. Civ. P. 55(b)(1)-(2)). Under Rule 55(b)(2), "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). "[The] court has 'an obligation to assure that there is a legitimate basis for any damage award it enters, and to assure that damages are not awarded solely as the result of an unrepresented defendant's failure to respond.'" Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)). "[D]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985).

Here, the Complaint is not pleaded with sufficient particularity to permit the court enter default judgment without a hearing on damages. (Dkt. 1) Wallace asserts that no hearing is required because his "declaration and supporting evidence establish the damages caused by [Hay's] defamatory statements." (Dkt. 21 at 18) However, cases cited by Wallace lead the Court to the opposite conclusion. See Sirer v. Aksoy, No. 21-CV-22280, 2023 WL 3166453 (S.D. Fla. May 1, 2023) (findings of fact and

conclusions of law *following an evidentiary hearing on damages*); S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (noting that a hearing on damages is not a *per se* requirement, but that only "limited circumstances" permit the entry of default judgment with damages without a hearing).

Wallace filed an affidavit that outlines his damages, but the Court finds that the affidavit is not sufficiently detailed to provide the necessary facts for the Court to calculate damages. (Dkt. 21-2) Thus, upon review of the Complaint and the Motion for Default Judgment, the Court finds that an evidentiary hearing is necessary to determine the amount of damages, if any, due to Wallace. As such, the Court reserves decision on default judgment and the amount of damages Wallace may be entitled to until the conclusion of an evidentiary hearing.

## III. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Hay's Motion to Set Aside Clerk's Default, (Dkt. 18), is **DENIED**.
2. Wallace's Motion for Default Judgment, (Dkt. 21), is **HELD IN ABEYANCE** pending an evidentiary hearing on damages and attorneys' fees.
3. An evidentiary hearing on damages will be held on **Thursday, October 8, 2026 at 1:00 P.M. (EDT)** before District Judge Mary S. Scriven in person or via Zoom at Plaintiff Wallace's preference. Wallace shall notify the Court of his preference within seven (7) days of the date of this Order.

4. The Parties shall file exhibit lists and witness lists (if any live witnesses will be called at the hearing) on or before **Thursday, September 24, 2026 at 5:00 P.M. (EDT).**

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented party