**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

CHRISTOPHER J. WALLACE,
Plaintiff,

v.

JONATHAN HAY,
Defendant.

**Case No.: 8:25-cv-03091-MSS-SPF**

# DEFENDANT'S SUPPLEMENTAL LOCAL RULE 3.01(g) CERTIFICATE, SUPPLEMENTAL NOTICE, SWORN DECLARATION, AND TENDERED [PROPOSED] AMENDED ANSWER IN SUPPORT OF MOTION FOR RECONSIDERATION (DKT. 26)

Defendant Jonathan Hay ("Defendant"), proceeding pro se, respectfully submits this Supplemental Certificate pursuant to Middle District of Florida Local Rule 3.01(g)(3), alongside Supplemental Notice, his Sworn Declaration, and a Tendered [Proposed] Amended Answer in further support of his pending Rule 54(b) Motion for Reconsideration (Dkt. 26):

## PART I: SUPPLEMENTAL LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g)(3), Defendant certifies that following the September 1, 2026 filing of his Rule 54(b) Motion for Reconsideration (Dkt. 26), Defendant attempted post-filing conferral with Plaintiff's counsel of record. Counsel has failed to respond to Defendant's conferral efforts. Accordingly, Defendant understands the Motion (Dkt. 26) to be opposed.

## PART II: SUPPLEMENTAL NOTICE OF DIRECT FACTUAL REFUTATION (DKT. 23)

In its August 31, 2026 Order (Dkt. 23), the Court made a preliminary finding that Defendant concealed his whereabouts based on process server notes (Dkt. 23 at 4–5). Defendant respectfully directs the Court's attention to the conclusive physical evidence attached to Dkt. 26, which refutes any finding of concealment or willful default:

**No Access at Attempted Service Sites:** Defendant was officially released from 5683 Mercado Drive effective May 29, 2025 (Dkt. 26, Exhibit F1) and vacated New Atlantis Club by January 5, 2026 (Dkt. 26, Exhibit F2). Defendant subleased directly from the condo owner; during the occupancy, the property transitioned to new management and altered association rules beyond Defendant's control, restricting gate and administrative access (Dkt. 26, Exhibit F2). Process servers attempting delivery at gated security points or administrative offices could not effectuate personal service.

**Demonstrable Timeline Falsehoods in Complaint:** Plaintiff's Complaint explicitly rests on the assertion that project work ceased in August 2020 (Dkt. 1 at 3). Contemporaneous documentary records prove active, direct collaboration, contract drafting, and social media engagement among Plaintiff Christopher "CJ" Wallace and Defendant continued into late January 2021 (Dkt. 26, Exhibits E1–E4).

**Constitutional Defect of Substituted Service:** Substituted service attempted at addresses where a defendant no longer resides or lacks front gate/administrative access fails constitutional due process. Because Defendant was legally released from residency and lacked gated entry authorization (Exhibits F1–F2) before service was attempted, substituted service was legally defective, depriving the Court of personal jurisdiction to enter or enforce default.

## PART III: ALTERNATIVE REQUEST TO HOLD PROCEEDINGS IN ABEYANCE PENDING CRIMINAL REVIEW

In the alternative to immediate vacatur under Rule 54(b), Defendant respectfully requests that the Court exercise its inherent authority to manage its docket and hold default judgment and damages proceedings in abeyance pending the conclusion of active California criminal reviews (Dkt. 22, Exhibits A–I). The events and entities underlying Plaintiff's Complaint (Dkt. 1) remain under active review by the Los Angeles County District Attorney's Office, LAPD, and LASD involving Sean "Diddy" Combs,

Christopher "CJ" Wallace, and Willie Mack, who was acting as agent for Plaintiff and The Notorious B.I.G. LLC.

This Florida civil action functions as a retaliatory suit designed to compel premature evidentiary disclosures, pressure an active cooperating state witness, and obstruct parallel criminal and civil proceedings in California. Temporarily staying civil default determinations avoids conflicting judicial findings, prevents weaponizing civil discovery against parallel criminal investigations, protects constitutional due process rights, and serves the interest of justice.

**PART IV: FORMAL JOINDER IN VIRTUAL HEARING ELECTION (DKT. 27)**

Defendant formally joins Plaintiff's Motion to Appear Virtual/Telephonically (Dkt. 27) and requests that the October 8, 2026 Evidentiary Hearing proceed via Zoom to ensure full presentation of evidence without imposing severe travel from California on pro se Defendant.

**PART V: INTENTION TO RETAIN LOCAL FLORIDA COUNSEL UPON VACATUR**

Defendant clarifies that his current pro se status was necessitated strictly by emergency procedural posture and sudden notice of default entries. Upon the Court granting Reconsideration (Dkt. 26) and setting a standard case management schedule, Defendant intends to formally retain local Florida counsel to enter an appearance and manage all future proceedings, ensuring efficient, orderly litigation on the merits.

**PART VI: DECLARATION OF JONATHAN HAY (RESIDENCY, ACCESS, NOTICE, AND SERVICE CHRONOLOGY)**

I, Jonathan Hay, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

I am the Defendant in this action. I make this Declaration to place before the Court a dated chronology the Court did not have when it issued the August 31, 2026 Order (Dkt. 23).

**A. Residences and Access**

I was released from the lease at 5683 Mercado Drive by Brandywine Homes USA effective May 29, 2025. Brandywine confirmed in writing that I was released from rent payments as of that date. A true copy is Exhibit F1 to Dkt. 26.

After Mercado, I occupied a unit at New Atlantis Club under a sublease from the unit owner. The lease was not in my name. I was not granted official resident authorization, front-gate credentials, mailroom access, or access to the main administrative office. During my occupancy the property changed management and association rules, which further restricted gate and office access.

On December 27, 2025, I emailed association counsel that I was leaving the condo, guaranteeing departure by January 5, 2026. On December 29, 2025, Kelly A. Baker, Esq. of Rabin Parker Gurley, P.A. confirmed the Association would treat me as vacated no later than January 5, 2026. In that same correspondence I advised the property's counsel to use jonhay@gmail.com and not the mistyped "johnhay@gmail" address appearing on their documents. True copies are Exhibit F2 to Dkt. 26.

Process servers attempting delivery at Mercado after May 29, 2025, or at New Atlantis gated security points or administrative offices after I lacked credentials and after January 5, 2026, could not have effected personal service on me at those locations.

I lived openly in the Largo, Florida area on Indian Rocks Road and received in-person visits from the Largo Police Department regarding my reports. I did not change my primary telephone number. That number has been and remains 727.203.9985. It has been published on my verified social-media profiles and professional listings.

I relocated from Florida to California on April 3, 2026. Substituted service through the Florida Secretary of State was completed on April 2, 2026, according to Plaintiff's papers, the day before I left Florida. I did not conceal a new California address to evade this lawsuit. I moved because of safety and privacy concerns after private investigators appeared at successive addresses connected to me.

**B. Notice**

I was not personally handed a summons and complaint. I first learned the Clerk had entered default in May 2026. I filed a Motion to Set Aside Clerk's Default and an Answer on May 26, 2026 (Dkts. 18, 19).

I did not willfully ignore a deadline I understood had been triggered by valid personal service. Any delay after April 2, 2026, resulted from defective substituted service to former addresses, a mistyped email, my simultaneous California litigation and law-enforcement cooperation, and my lack of actual notice of the Clerk's Default until May 2026.

**C. Merits Timeline the Complaint Gets Wrong**

Plaintiff's Complaint alleges that work on the *Ready to Dance* project ended in August 2020 and uses that date to explain why I later spoke publicly. That date is false.

On December 3, 2020, I was invited to a Ready to Dance / Funimation Zoom with Plaintiff (cj@thebigthinkers.com), Willie Mack, Todd Russaw, and Crystal Ship Artists (Dkt. 26, Exhibit E1).

On December 19–20, 2020, Plaintiff's Frank White / Think BIG / The Notorious B.I.G. Estate account promoted the Ready to Dance single "Big Poppa" and included me on that correspondence (Dkt. 26, Exhibit E2).

In January 2021, Plaintiff CJ Wallace, Willie Mack, Crystal Ship Artists, and I were still circulating a draft producer agreement (Dkt. 26, Exhibit E3).

On January 2, 2021, the account cjordanwallace liked my public promotional post featuring Christopher Wallace (Dkt. 26, Exhibit E4).

**D. Law-Enforcement Cooperation**

I reported the underlying events to the Largo Police Department. LAPD and LASD each presented a sexual-assault investigation to the Los Angeles County District Attorney's Office. A DA spokesperson publicly confirmed the office "is reviewing the case." Those facts were already collected as Exhibits A–I to Dkt. 22.

I have not disregarded judicial process. I have appeared in the related California civil action, communicated with detectives, and filed in this Court as soon as I learned of the default.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on September 4, 2026.

/s/ Jonathan Hay

Jonathan Hay

## PART VII: DEFENDANT'S [PROPOSED] AMENDED ANSWER AND AFFIRMATIVE DEFENSES

(Tendered with Motion for Reconsideration, Dkt. 26)

Defendant Jonathan Hay ("Defendant"), appearing pro se, tenders this Proposed Amended Answer and Affirmative Defenses in further support of his Motion for Reconsideration (Dkt. 26) and to address the Court's finding that Docket 19 did not make an affirmative showing of a meritorious defense.

## PRELIMINARY STATEMENT

This Proposed Amended Answer is submitted because the Court found Defendant's original Answer (Dkt. 19) conclusory. Defendant does not waive any challenge to service of process or personal jurisdiction. If the Court vacates the Clerk's Default, Defendant requests that this pleading be deemed the operative response, subject to numbering conformity with the Complaint (Dkt. 1).

## I. RESPONSES TO MATERIAL ALLEGATIONS

Parties and Jurisdiction: Defendant admits he is the named Defendant. Defendant denies that this Court obtained personal jurisdiction through valid service of process. Defendant admits diversity jurisdiction is alleged. Except as expressly admitted, Defendant denies

the remaining jurisdictional and venue allegations to the extent they depend on proper service.

**The *Ready to Dance* / Professional Relationship:** Defendant admits he entered a professional collaboration connected to a musical project involving Plaintiff and persons affiliated with Think BIG / The Notorious B.I.G. LLC related ventures, including work marketed as *Ready to Dance*. Defendant specifically denies the Complaint's core timeline allegation that work on the project ended in August 2020. Contemporaneous records show active collaboration, promotion, and contract drafting continuing into January 2021 (Dkt. 26, Exhibits E1–E4). Defendant denies that he fabricated allegations based on the premise that a project "ended" in August 2020.

**The Statements at Issue:** Defendant admits he made public statements concerning events he reported to law enforcement involving Sean "Diddy" Combs, Plaintiff Christopher J. Wallace, and Willie Mack. Defendant denies that those statements were false, made with actual malice, unprivileged, or caused legally cognizable damages. Defendant reported the underlying events to the Largo Police Department, LAPD, and LASD, and the Los Angeles County District Attorney's Office publicly confirmed it is reviewing the case.

**Service and Default:** Defendant denies that he was properly served or concealed his whereabouts. Defendant was released from 5683 Mercado Drive effective May 29, 2025 (Dkt. 26, Ex. F1) and vacated New Atlantis Club by January 5, 2026 (Dkt. 26, Ex. F2). Substituted service directed to former addresses and a mistyped email did not confer valid notice.

**Damages & General Denial:** Defendant denies that Plaintiff suffered general or special damages or is entitled to relief. Except as expressly admitted, Defendant denies every remaining allegation in the Complaint.

## II. AFFIRMATIVE DEFENSES

**First Defense (Improper Service / Lack of Personal Jurisdiction):** Substituted service did not strictly comply with Fla. Stat. § 48.161 or due process. Service was attempted at

addresses Defendant had vacated or to which he lacked gate access, depriving the Court of personal jurisdiction.

**Second Defense (Truth / Substantial Truth):** Truth is a complete defense. Defendant's statements concern events experienced and reported to police. The Complaint's core premise that project work ended in August 2020 is false (Exhibits E1–E4).

**Third Defense (First Amendment; Matter of Public Concern; Actual Malice):** Plaintiff is a public figure regarding the Notorious B.I.G. Estate and public investigations. Plaintiff cannot prove actual malice by clear and convincing evidence.

**Fourth Defense (Fair Report / Official-Proceeding Privilege):** Statements fairly reporting official police reports and prosecutorial reviews are privileged.

**Fifth Defense (Qualified Privilege):** Defendant maintained a qualified privilege to speak about alleged criminal conduct and reports made to the police.

**Sixth Defense (Opinion / Rhetorical Hyperbole):** Statements constituting opinion, conclusion, or hyperbole are non-actionable.

**Seventh Defense (Failure to State a Claim):** The Complaint fails to plead falsity, actual malice, or special damages with required particularity.

**Eighth Defense (No Causation / No Damages):** Harm, if any, stems from public law reviews and Sean "Diddy" Combs coverage, not Defendant.

**Ninth Defense (Unclean Hands / Retaliatory Motive):** Plaintiff initiated suit after Defendant reported criminal allegations and filed parallel civil claims, serving a retaliatory purpose to interfere with a cooperating witness and obstruct justice, thereby barring equitable or monetary relief.

**Tenth Defense (Litigation Privilege / Petitioning Activity):** Statements made preliminary to judicial and police proceedings are privileged petitioning activity.

## III. PRAYER FOR RELIEF

Defendant requests that the Court: (1) accept this Proposed Amended Answer if default is set aside; (2) deny Plaintiff all relief; (3) enter judgment for Defendant; and (4) grant such other relief as is just.

WHEREFORE, Defendant respectfully requests that the Court grant Reconsideration (Dkt. 26), vacate the Clerk's Default (Dkt. 17), or in the alternative, hold default proceedings in abeyance pending California law enforcement outcomes.

Respectfully submitted this 4th day of September, 2026.

/s/ Jonathan Hay

Jonathan Hay, Pro Se Defendant
c/o Diana Pagan
449 W 206th Street
New York, NY 10034
Phone: 727.203.9985 | Email: jonhay@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 4, 2026, a true and correct copy of the foregoing was served via Electronic Mail on counsel of record for Plaintiff.

/s/ Jonathan Hay

Jonathan Hay, Pro Se Defendant

# N-E-WHERE TRANSPORT, INC.

3808 E. MARTIN LUTHER KING BLVD.
TAMPA, FL 33610
TELEPHONE (813) 626-2888

DATE 9-1-2026

No. 868645

| SHIPPED FROM | SHIPPED TO |
|---|---|
| N E Where Transport | Sam Gibbons Courthouse |
| 3808 E. Dr. MLK Blvd | 801 N. Florida Ave 4th Floor |
| Tampa, FL | Tampa FL |
| **BILL TO** | **BILL TO** |
| | |

I HEREBY AGREE THAT N-E-WHERE'S STANDARD TERMS AND CONDITIONS SET FORTH ON THE REVERSE OF THIS BILL OF LADING SHALL APPLY. I FURTHER AGREE THAT N-E-WHERE'S LIABILITY SHALL BE LIMITED TO $100 PER SHIPMENT UNLESS I DECLARE A HIGHER VALUE. SEE REVERSE FOR ADDITIONAL TERMS AND CONDITIONS.

DESCRIPTION ☐ ENVELOPES ☐ CARTONS ☐ PACKAGES

BULK | NO. PIECES 1

WEIGHT 1 lbs.

DESCRIPTION OF CONTENTS: Get Docs Stamped & Signed Intake Counter

DECLARED VALUE

WEIGHT CHARGE

PICK-UP DRIVER & TIME: 24 1050

DELIVERING DRIVER: SR

DELIVERY TIME ☐ AM ☐ PM

X

SERVICE

**THIS IS YOUR FREIGHT BILL. THIS BILL MUST BE PAID WITHIN SEVEN DAYS.**

CONSIGNEE SIGNATURE
NO INITIALS PLEASE X Clerk Department
THE ABOVE MENTIONED GOODS RECEIVED IN GOOD ORDER AT THE TIME STATED.

Middle District of FL

TOTAL CHARGES

CONSIGNEE COPY

The following terms and conditions shall apply from the time that N-E-WHERE accepts a shipment on your behalf, and shall be binding on you and on anyone with an interest in the shipment. Employees agents and sales representatives of N-E-WHERE have no authority to modify these terms or conditions or make any representations not included herein, and any such modification or representations shall be of no force and effect and should not be relied on by you.

1. You are responsible for ensuring your goods are safely and securely packaged for shipment and transport. N-E-WHERE shall have no liability for damage or loss occasioned by improper or inadequate packaging of your shipment.
2. **N-E-WHERE shall not be liable for more than $100 in direct loss per shipment. Alternatively, you may elect to have N-E-WHERE arrange for insurance protection on your behalf by contacting N-E-WHERE at 813-626-2888 or 800-422-2888 and paying the appropriate premium (for each $100 of declared value). Without limiting the generality of the foregoing, N-E-WHERE shall not be responsible to you for any other loss or damage including indirect, incidental, special, punitive or consequential damages including, without limitation, loss of profit or business opportunities.**
3. N-E-WHERE will not carry or be liable in any way for any documents, coins, currency, and jewelry or for any articles of extraordinary value not expressly agreed to in a separate writing by N-E-WHERE with a description of such items and a stipulated value of such articles appearing on front of this bill of lading. If you ship such items without N-E-WHERE's express written agreement you do so at your own risk of loss and/or damage.
4. All claims for loss or damage must be made in writing, within thirty (30) days of delivery of your shipment (in the case of non-delivery) within thirty (30) days after a reasonable time for delivery has elapsed. You are responsible for proving the actual loss or damage. All claims must be sent certified mail, return receipt requested, to N-E-WHERE's address and set forth on the front of this bill of lading. Attn: Claims Department.
5. N-E-WHERE is not liable for any loss, damage, or delay to your shipment arising out of circumstances beyond its reasonable control, including, without limitation, any act of God, act of a public enemy, governmental acts or regulations enacted after the date of issue of this bill of lading, fire, accident, severe weather, act of civil or military authority, strike, or other labor disturbance, epidemic, war, riot, or act of terrorism.
6. You are responsible for ensuring the accuracy and completeness of all information, including the recipient's name and address listed on the front of this bill of lading.
7. N-E-WHERE makes no representation or warranty express or implied that it will transport your shipment by any particular means or time, or in any manner, other than with reasonable dispatch. In case of necessity, as reasonably determined by N-E-WHERE in it sole discretion N-E-WHERE may transport your shipment via another carrier.
8. N-E-WHERE shall, at any time, have the right to open and inspect your shipment without prior notice to you.
9. N-E-WHERE reserves the right to reject any shipment if N-E-WHERE determines in its sole discretion that your shipment can not be transported (1) without risk of delay, injury, or damage other shipments, equipment, or personnel, or (2) in accordance with applicable law.
10. You agree to defend, indemnify, and hold harmless N-E-WHERE, its officers, directors, employees, agents, representatives, successors assigns and affiliates, from and against any and all third party damages, costs, liability, and expense whatsoever (including reasonable attorneys' fees) incurred as a result of (1) any loss, damage, or delay to the shipment occasioned by any inaccurate or incomplete information set forth on the front of this bill of lading, (2) any shipment by you of hazardous materials or dangerous or illegal goods.
11. These terms and conditions shall be governed and construed in accordance with the laws of the State of Florida, without application of conflict of laws principles, and you hereby agree to submit to the jurisdiction of all federal and state courts within the State of Florida.
12. Payment is due and payable in accordance with the invoice date and terms separately granted to you, in writing, by an authorized representative of N-E-WHERE. All payments should be sent to N-E-WHERE's address set forth on the front of this bill of lading, Attn: Payment Department. If payment has not been received in full by the applicable due date, a finance charge may be assessed by N-E-WHERE at a rate of 1.5% per month (18% per annum) on such unpaid balance; provided, however, should such finance charges result in a computation in excess of the highest rate of interest permissible under Florida law, then any such excess shall be and hereby is waived by N-E-WHERE. Should a collection action become due on any unpaid payments due and owning by you to N-E-WHERE you shall pay all such costs of collection (including reasonable attorneys' fees and court costs).