UNITED STATES DISTRICT COURT

**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

CHRISTOPHER J. WALLACE,

Plaintiff,

v.

JONATHAN HAY,

Defendant.

Case No.: 8:25-cv-03091

**PLAINTIFF CHRISTOPHER JORDAN WALLACE'S OPPOSITION TO DEFENDANT JONATHAN HAY'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SET ASIDE CLERK'S DEFAULT**

## I. INTRODUCTION

Defendant Jonathan Hay's Motion for Reconsideration and subsequent Supplemental Filing provide no reason for the Court to revisit its August 31 Order. Although Rule 54(b) gives the Court discretion to reconsider an interlocutory ruling, that discretion does not give a disappointed litigant an opportunity to rebuild the record after learning why his first motion failed. That is precisely what Hay is attempting to do here.

Hay's original Motion to Set Aside Clerk's Default was two pages long, cited no authority, attached no evidence, and offered little factual support. The Court nevertheless considered his position and found that Plaintiff properly effectuated substituted service, that Hay demonstrated reckless disregard for these proceedings, and that he failed to establish a meritorious defense. Hay now responds to that ruling by supplying the evidence, factual explanations, and legal theories he could have presented before the Court ruled. His Supplemental Filing makes the point explicit: Hay tenders a proposed amended answer specifically "because the Court found Defendant's original Answer (Dkt. 19) conclusory" and "to address the Court's finding that Docket 19 did not make an affirmative showing of a meritorious defense." (Dkt. 28 at 5.) That does not identify an error in the Court's ruling; it confirms that Hay is attempting to cure the deficiencies the Court identified after the fact.

Nor do Hay's new submissions undermine the basis for the Court's decision. His newly offered evidence was known or available to him before the Court ruled,

and nothing he has submitted warrants revisiting the Court's finding that his conduct demonstrated reckless disregard for the judicial proceedings. That finding independently supports denial of relief without requiring the Court to adjudicate Hay's newly expanded merits defenses or the factual disputes he now seeks to inject into the case. His additional arguments concerning the parties' 2020 relationship, alleged retaliatory motive, and a newly requested stay likewise provide no basis to revisit the August 31 Order.

Hay had a full opportunity to establish good cause for setting aside the default on the record he chose to present. Rule 54(b) does not require the Court to give him another opportunity to make a better showing after the Court has already ruled. The Motion and Supplemental Filing should be denied.

## II. LEGAL STANDARD

Because no final judgment has been entered, the Court's Order denying Defendant's Motion to Set Aside Clerk's Default is an interlocutory order governed by Federal Rule of Civil Procedure 54(b). *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir. 2024). Rule 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The rule grants district courts "plenary power to reconsider" their non-final rulings, reflecting the courts' inherent authority to correct their own errors. *Hornady*, 118 F.4th at 1379–80. This inherent power, however, does not require

plenary *review*. *Id.* at 1380. "[I]n most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution." *Id.*

The law-of-the-case doctrine guides courts' exercise of this discretion, "express[ing] the practice of courts generally to refuse to reopen what has been decided." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–17 (1988). A court "typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected." *Hornady*, 118 F.4th at 1381. The Eleventh Circuit has repeatedly cautioned against using reconsideration to raise arguments or evidence that were available earlier. See *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). Thus, the question is not whether Hay can now construct a better record, but whether he has given the Court a persuasive reason to revisit the ruling it made on the record before it.

## III. ARGUMENT

### A. Hay's Motion and Supplemental Filing Improperly Rebuild the Record After the Court Ruled

Hay's motion[1] and supplement do exactly what the Court is permitted to

1 Hay failed to comply with Local Rule 3.01(g). The Rule requires a movant to confer before filing unless the opposing party is unavailable. M.D. Fla. L.R. 3.01(g)(1), (3). Hay did not confer or attempt to confer with Plaintiff's counsel before filing his Motion. His

reject: rehash arguments already considered while adding evidence and explanations available earlier. Hay's original Motion to Set Aside was two pages long, cited no authority, and attached no evidence. After the Court identified the deficiencies in that showing, Hay filed a reconsideration motion supported by old documents and then a Supplemental Filing containing a new declaration and proposed amended answer drafted specifically to address the Court's ruling. (Dkt. 28 at 5.) That sequence is not a reason to revisit the Order; it is an effort to rebuild the record after the fact.

A district court does not abuse its discretion by declining to revisit an interlocutory ruling based on rehashed arguments. *Hornady*, 118 F.4th at 1381. Courts likewise reject reconsideration efforts that merely supply "additional in-depth analysis" after an adverse ruling. *Stalley v. ADS Alliance Data Systems, Inc.*, 296 F.R.D. 670, 687–88 (M.D. Fla. 2013); *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291 (M.D. Fla. 2012) ("A motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the court's order."). Hay's Motion and Supplemental Filing are just that: a more developed presentation of arguments, facts, and evidence available to him before the Court ruled. They provide no reason to revisit the Court's Order.

---

Supplemental Filing states only that he attempted conferral after filing; it does not contend that Plaintiff's counsel was unavailable beforehand, the predicate for invoking Rule 3.01(g)(3). (Dkt. 28 at 1.)

### B. Hay's Previously Available Evidence Provides No Reason to Revisit the Order

Hay's six exhibits do not reflect any post-ruling development. Exhibits E1 through E4 are his own emails and records from 2020 and 2021; Exhibits F1 and F2 are documents and correspondence from 2025 that were directed to or possessed by him. All were available when Hay filed his original Motion to Set Aside (Dkt. 18), yet he offers no explanation for omitting them. Nothing about their belated submission provides a persuasive reason to reopen a ruling made on the record Hay chose to present. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (evidence qualifies as "new" for reconsideration purposes only if it "was not available during the pendency of the motion"); *King v. Bd. of Cnty. Commissioners*, 916 F.3d 1339, 1350 (11th Cir. 2019) (the test is "essentially whether the evidence could have been discovered with reasonable diligence").

### C. Hay's Supplemental Filing Confirms the Same Improper Approach

The September 4 Supplemental Filing makes the post-hoc nature of Hay's request even clearer. It adds a new sworn declaration reciting a "dated chronology the Court did not have when it issued the August 31, 2026 Order" and a proposed amended answer submitted specifically to address the Court's finding that Hay had not affirmatively shown a meritorious defense. (Dkt. 28 at 2–5.)

But the chronology consists of facts personally known to Hay before the ruling, and the amended answer was drafted only after the Court identified the

deficiency in his original showing. Rule 54(b) gives the Court discretion to revisit an interlocutory ruling; it does not require the Court to reopen the record so a litigant can present a better motion after the fact. *See Hornady*, 118 F.4th at 1380–81; *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999) (to satisfy the clear error ground for reconsideration, a movant must show that the court made "a mistake, not of reasoning, but of apprehension").

Hay therefore has not identified a development that warrants revisiting the August 31 Order.

### D. Nothing in Hay's New Submissions Warrants Revisiting the Court's Prior Findings

Nothing in Hay's new submissions undermine the findings supporting the Court's ruling. Most importantly, the Court's finding that Hay demonstrated reckless disregard for the judicial proceedings independently supports denial of relief. The Court therefore need not resolve the additional factual and merits disputes Hay now seeks to inject. Even if it does, Hay's belated evidence and arguments do not warrant a different result.

#### 1. The Court's Reckless-Disregard Finding Independently Supports Denial

The Court found that Hay's "lack of good cause" and "evasion of personal service" demonstrated "reckless disregard for the judicial proceedings." (Dkt. 23 at 6–7.) That finding independently supports denial of relief. Under binding Eleventh Circuit precedent, "if a party willfully defaults by displaying either an intentional

or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996); *accord Savoia-McHugh v. Glass*, 95 F.4th 1337, 1345 (11th Cir. 2024).

Nothing in Hay's Motion or Supplemental Filing warrants revisiting that finding. His assertion that his failure to respond was "strictly unintentional" (Dkt. 26 at 2) simply disagrees with the Court's conclusion; it does not identify any post-ruling development or previously unavailable fact bearing on his disregard of these proceedings. The Court may therefore deny reconsideration without reaching Hay's newly expanded merits defenses or the other factual disputes he now raises.

**2. Hay's New Service Evidence Does Not Undermine the Court's Ruling**

Even if the Court considers Hay's belated evidence, it does not undermine the service ruling. The Court found substituted service proper under Florida Statute § 48.161 after considering Plaintiff's extensive efforts to locate and serve Hay, including repeated service attempts and efforts through Hay's California counsel to obtain a current address or secure acceptance of service. (Dkt. 23 at 4–5; Dkt. 12 ¶¶ 8–10, Exs. C–D.)

Hay now submits lease documents showing that he had vacated other addresses, but those previously available documents do not address the critical fact that Hay identified Indian Rocks Road under oath as his residence in the related California litigation. (Dkt. 12 ¶¶ 6–7, Ex. B.) Nor do they alter the chronology Hay

himself provides: substituted service was effectuated on April 2, 2026, and Hay says he relocated to California the very next day. (Dkt. 28 at 3.) Nothing in the newly submitted material undermines the Court's finding that Plaintiff satisfied the requirements for substituted service or otherwise provides a persuasive reason to revisit that ruling.

### 3. The Court Need Not Reach Hay's Newly Expanded Merits Defenses

For the same reason, the Court need not evaluate Hay's newly expanded merits defenses. Because the reckless-disregard finding independently supports denial, no further finding concerning the meritorious-defense factor is necessary. *See Savoia-McHugh*, 95 F.4th at 1345.

Nor does Hay's proposed amended answer provide a reason to revisit the prior ruling. Hay expressly tendered it to address the deficiency the Court identified in his original Answer. (Dkt. 28 at 5.) The amended pleading therefore does not expose an error in the Court's ruling; it reflects Hay's effort to make a more developed showing after learning why his original one failed. A pleading drafted after the adverse ruling does not establish that the Court should have reached a different result on the record Hay chose to present beforehand.

### 4. The August 2020 Timeline Does Not Affect the Court's Ruling

Hay also argues that the Complaint inaccurately states that work on *Ready to Dance* occurred "from approximately March to August 2020." (Dkt. 26 at 2–3.)

That dispute does not undermine any finding necessary to the Court's denial of relief. And even if the Court considers Exhibits E1 through E4, those materials were available to Hay before the Court ruled and do not establish the truth or privilege of his later statements accusing Plaintiff of sexual misconduct. (Dkt. 1 ¶¶ 11–12.) Thus, even assuming contact continued into January 2021, that fact provides no reason to revisit the Court's default ruling.

### E. <u>**Hay's Retaliation Theory and New Stay Request Do Not Warrant Reconsideration**</u>

Hay's assertion that this action is "retaliatory" likewise does not undermine the Court's ruling. (Dkt. 26 at 3–4.) Hay knew of the California litigation before the Court ruled and had already referenced it in his earlier filings. (Dkt. 22.) More fundamentally, Plaintiff's alleged motive for filing this action has no bearing on the Court's findings concerning service or Hay's reckless disregard of these proceedings. *See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1274 (11th Cir. 2014) (affirming denial of reconsideration where movant relied on evidence of a purportedly retaliatory lawsuit).

Hay's Supplemental Filing also asks, for the first time, that the Court stay proceedings pending purported California criminal reviews. (Dkt. 28 at 2.) That request seeks different relief from the reconsideration motion and is raised only through a supplemental filing, without any developed legal standard supporting a stay. Hay also submits no evidence establishing that any criminal review remains

ongoing; he relies only on previously submitted materials reflecting that law-enforcement agencies had referred matters for review at some earlier point. The newly requested stay therefore neither supplies a reason to revisit the August 31 Order nor is properly presented through the pending reconsideration motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant Jonathan Hay's Motion for Reconsideration of Order Denying Motion to Set Aside Clerk's Default should be denied.

Dated: September 15, 2026

BITMAN O'BRIEN, PLLC

/s/ Ronnie Bitman, Esq.
Ronnie Bitman, Esquire
Fla. Bar No. 0744891
rbitman@bitman-law.com
acrown@bitman-law.com
610 Crescent Executive Ct., Ste. 112
Lake Mary, FL 32746
Telephone: 407.815.3110

and

/s/ Eric Pettis
Jeremiah Reynolds *(Pro Hac Vice )*
jreynolds@eisnerlaw.com
Eric Pettis *(Pro Hac Vice )*
epettis@eisnerlaw.com
EISNER, LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
(310) 855-3200

*Attorneys for Christopher J. Wallace*