**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER J. WALLACE,
Plaintiff,

v.

JONATHAN HAY,
Defendant.

**Case No. 8:25-cv-03091-MSS-SPF**

**Hon. Mary S. Scriven**
**Hon. Sean P. Flynn**

SEP 18 2026 PM2:30
FILED - USDC - FLMD - TPA

# DEFENDANT'S MOTION TO STAY PROCEEDINGS AND STAY THE EVIDENTIARY HEARING ON DAMAGES PENDING THE LOS ANGELES COUNTY CRIMINAL REVIEW

## AND ALTERNATIVE MOTION FOR A RULE 26(c) PROTECTIVE ORDER

Defendant Jonathan Hay, proceeding pro se, moves the Court to stay this action, including the evidentiary hearing on damages and attorneys' fees held in abeyance by the Order of August 31, 2026 (Dkt. 23), until the Los Angeles County District Attorney's Office completes its review of the sexual assault investigations presented by the Los Angeles Police Department and the Los Angeles County Sheriff's Department. In the alternative, Defendant moves under Rule 26(c) to forbid discovery and hearing evidence on the 2020–2021 incidents that are the subject of that review. Defendant submits this filing to manage the damages hearing contemplated by Dkt. 23. He does not, by this filing, abandon arguments already made concerning service or the entry of default.

## I. PRELIMINARY STATEMENT

This is a defamation action. The statements Plaintiff attacks concern events in Los Angeles in 2020 and 2021 involving Christopher "CJ" Wallace, Willie Mack, and Sean "Diddy" Combs. Those same events are in criminal filings. In June 2026 a spokesperson for Los Angeles County District Attorney Nathan Hochman's office stated publicly: "In the fall of 2025, LAPD and LASD each presented a separate sexual assault investigation for one victim to the LA County District Attorney's Office." The same office stated: "We are reviewing the case." No charging decision has been announced.

Defendant is the complaining witness in that review. A damages hearing in this Court will require the parties to try the truth of the same incidents the District Attorney is reviewing.

Plaintiff obtained a clerk's default and now seeks to prove damages and fees. Using this civil docket to examine a state witness, force production of the same evidence already with LAPD, LASD, and LADA, and lock in a public record while that review is open is the harm this motion addresses. Defendant does not ask the Court to decide the criminal facts. He asks the Court not to try them first.

## II. RELEVANT POSTURE

The Complaint was filed November 12, 2025 (Dkt. 1). It alleges that project involvement ended in August 2020 (Dkt. 1 at Paragraph 7). Yet Plaintiff's own Complaint selectively quotes an email from July 10, 2021 (Dkt. 1 at Paragraph 8), while ignoring that the exact same email thread explicitly complained of "unwanted advances," "disgusting behavior," and conduct that was "highly abusive, manipulative and illegal"—accompanied by contemporaneous audio evidence and the explicit statement to Mack: "I think only you and I know the real reason why you are upset right now." Trauma survivors and victims of workplace harassment frequently try to maintain professional boundaries, focus on the work, or de-escalate situations before bringing formal legal or criminal charges. A victim is never legally required to detail every aspect of a sexual assault or trauma in an administrative or professional email just to preserve their rights.

The communications extend well past the Complaint's August 2020 cutoff, matching docketed producer records (Dkt. 26/31, Exs. E1–E4). The incidents described in Defendant's reports to law enforcement include the March 2021 Los Angeles events detailed in the parallel California action (*Hay v. Combs et al.*, LASC Case No. 25SMCV03462, FAC Paragraphs 34-40).

A clerk's default was entered May 6, 2026 (Dkt. 17). On August 31, 2026, the Court denied Defendant's motion to set aside the default and held Plaintiff's motion for default judgment in abeyance pending an evidentiary hearing on damages and attorneys' fees (Dkt. 23). That hearing should not go forward while LADA's review is open.

On September 17, 2026—the day before this motion is filed—Plaintiff served Second Further Responses to Form Interrogatories (Set One) and Second Further Responses to Special Interrogatories (Set Two) in the parallel Los Angeles Superior Court action (*Hay v. Combs et al.*, Case No. 25SMCV03462). Those responses were served directly on Plaintiff's Florida counsel of record (Eisner LLP). They confirm that Plaintiff Christopher "CJ" Wallace and separate counsel for Defendant Notorious B.I.G., LLC (Sanders Roberts LLP) are locked in continuous, active litigation over contested agency, co-conspirator liability, corporate authority, and project control concerning these exact 2020–2021 events while the Los Angeles

County District Attorney's review remains open. A Florida damages hearing that proceeds in isolation from that record creates the exact risk of conflicting findings *Landis* exists to avoid.

## III. ARGUMENT

### A. The Court has inherent authority to stay its own proceeding.

A district court has inherent power to control its docket and to stay a civil action pending related criminal proceedings or a charging decision. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). The question is whether the stay is a reasonable exercise of discretion in light of hardship, the public interest, and the orderly administration of justice.

A stay is appropriate when the civil case and the criminal review share a common nucleus of fact and going forward would interfere with the criminal process or force a complaining witness to litigate those facts in a damages trial first. That is this case. The defamation claim is not a side dispute about a review. It is a civil action about the same 2020–2021 events LAPD and LASD presented to LADA. A hearing on damages will put on the public record the same narrative, the same dates, and the same witnesses. The District Attorney's office has not said the review is closed. Until it does, this Court should not hold the mini-trial that default judgment now requires.

### B. The *Landis* factors favor a limited stay.

Courts applying *Landis* weigh: (1) overlap of issues; (2) status of the parallel proceeding; (3) hardship to the moving party if the civil case proceeds; (4) prejudice to the non-moving party from delay; (5) the Court's interest in efficient docket control; and (6) the public interest. Those factors favor a limited stay here.

**1. Overlap is complete.** The statements Plaintiff attacks, the July 10, 2021 email thread already quoted in the Complaint, the producer records at Dkt. 26/31 Exs. E1–E4, and the March 2021 Los Angeles events described in the parallel California action are the same events LAPD and LASD presented to LADA.

**2. The parallel proceeding is open.** In June 2026 a spokesperson for District Attorney Nathan Hochman's office stated that LAPD and LASD each presented a separate sexual-assault investigation for one victim and that "We are reviewing the case." No charging decision or declination has been announced.

**3. Hardship to Defendant is concrete.** A damages hearing will require examination of the complaining witness on facts already with investigators, production of the same materials

already in the criminal file, and a public dollar figure entered while the charging decision is still pending. Defendant has not been a missing party in the underlying controversy. He is the complaining witness in the review LAPD and LASD presented to LADA, and he is litigating the same 2020–2021 events in Los Angeles Superior Court. He will appear at any hearing this Court sets. The request here is only that this Court not try those facts first on a default damages calendar. Plaintiff's counsel have long had Defendant's email address, jonhay@gmail.com, and used it on September 16, 2026, to schedule the Local Rule 3.01(g) conference on this motion. Defendant does not ask the Court to revisit service or Dkt. 23. He notes only that he is reachable at the address counsel now use, he conferred, and he will appear.

**4. Prejudice to Plaintiff is limited and can be managed.** The stay Defendant seeks is tied to a public charging decision or declination, not an open-ended pause. A joint status report every sixty days, or within fourteen days of any public decision, gives the Court control. Defendant does not ask for an indefinite stay. If a decision has not issued within sixty days, the parties will file a joint status report and the Court can reset the hearing or keep a protective order in place. Plaintiff's interest in a number is real. It is not more immediate than the interest in not trying the criminal facts first.

**5. The Court's interest favors coordination.** The Court has already held the default-judgment motion in abeyance. A short stay pending the charging decision is consistent with that order and avoids two forums making findings on the same 2020–2021 events.

**6. The public interest is in an orderly charging decision.** Two law-enforcement agencies presented investigations. The public interest is in letting the District Attorney finish that review rather than trying those facts first in a default damages hearing.

**C. A stay protects the criminal review and a cooperating witness.**

Civil discovery and a public damages hearing are a one-way valve into a pending state review. Plaintiff can use this docket to obtain documents, lock testimony, and preview defenses that belong first to prosecutors and investigators. Defendant, as the complaining witness, would be forced to choose between sitting silent at a hearing that will set a dollar figure against him and disclosing, in a civil forum, material already with LAPD, LASD, and LADA. Neither choice is consistent with an orderly parallel process.

Defendant is not invoking the Fifth Amendment. He is the complaining witness. Civil discovery and a public damages hearing directed at that witness, while LADA's review remains open, function as a one-way valve into the criminal file. Plaintiff can lock testimony, preview defenses, and obtain documents that belong first to prosecutors. Defendant is then

forced to choose between silence at a hearing that will set a number against him and disclosing, in a civil forum, material already with LAPD, LASD, LADA, Largo Police Department, and Victim Services. Courts have inherent authority to prevent that use of the civil docket. *Landis*, 299 U.S. at 254–55. A stay, or at minimum a Rule 26(c) order, keeps this Court from becoming the forum in which a state witness is examined on facts already submitted for a charging decision.

Defendant is not asking this Court to find that Plaintiff or counsel committed a crime. He is asking the Court to stop the civil case from becoming the forum in which a state witness is examined on facts already submitted for a charging decision. The public interest in letting LADA finish that decision outweighs Plaintiff's interest in an immediate damages number on a default.

**D. The August 2020 cutoff shows why the hearing should not run now.**

Plaintiff's pleading dates the end of the relationship to August 2020. The docket already contains records of work through January 2021 (Dkt. 26/31, Exs. E1–E4). The criminal reports concern events after that pleaded cutoff, including March 2021. A damages hearing built on the Complaint's timeline will either ignore those records or try the later events that LADA is reviewing. That is not a clean prove-up of default damages. It is a trial of the criminal facts under another name.

**E. Alternative relief under Rule 26(c).**

If the Court will not stay the entire action, it should enter a protective order forbidding:

- Discovery into the 2020–2021 Los Angeles incidents;
- Discovery into communications with LAPD, LASD, LADA, Largo Police Department, or Victim Services; and
- Hearing evidence on those subjects at any damages proceeding, until LADA announces a charging decision or declines the file. Fed. R. Civ. P. 26(c)(1).

## IV. LOCAL RULE 3.01(g) CERTIFICATE

Pursuant to Local Rule 3.01(g), I certify that on September 17, 2026, I conferred via videoconference with opposing counsel, Eric Pettis and Ari Wininger, regarding the relief requested in this motion. Plaintiff opposes the requested relief.

## V. RELIEF REQUESTED

Defendant requests that the Court:

1. Stay this action, including the evidentiary hearing on damages and attorneys' fees contemplated by Dkt. 23, until the Los Angeles County District Attorney's Office announces a charging decision or a declination on the investigations presented by LAPD and LASD;
2. In the alternative, enter a Rule 26(c) protective order as set out in Section III.E;
3. Direct the parties to file a joint status report within fourteen days after any public charging decision or declination, or every sixty days, whichever is earlier;
4. Take judicial notice of the June 2026 public statement of the Los Angeles County District Attorney's Office that LAPD and LASD presented sexual-assault investigations for one victim and that the office is reviewing the case;
5. Grant such other relief as the Court deems just.

Respectfully submitted this 18th day of September, 2026.

/s/ Jonathan Hay
Jonathan Hay
Defendant, appearing pro se
jonhay@gmail.com
727.203.9985

**CERTIFICATE OF SERVICE**

I certify that on September 18, 2026, I caused the foregoing to be filed with the Clerk of the United States District Court for the Middle District of Florida, Tampa Division, by courier for paper filing. I further certify that, pursuant to the agreement of counsel, I caused a true and correct copy to be served the same day by email on counsel of record for Plaintiff:

Eric Pettis, epettis@eisnerlaw.com
Ari D. Wininger, awininger@eisnerlaw.com
Jeremiah Reynolds, jreynolds@eisnerlaw.com
Hannah Schiffman, hschiffman@eisnerlaw.com
Eisner LLP
Ronnie Bitman, rbitman@bitman-law.com

Alexandria Crown, acrown@bitman-law.com
Bitman O'Brien, PLLC
Counsel for Plaintiff Christopher J. Wallace

Service by email is directed to the email addresses counsel have used in this action. Counsel have agreed to accept service of this filing by email and do not require a physical copy.

/s/ Jonathan Hay
Jonathan Hay
Defendant, appearing pro se