**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

CHRISTOPHER J. WALLACE,

Plaintiff,

v.

JONATHAN HAY,

Defendant.

Case No.: 8:25-cv-03091

**PLAINTIFF WALLACE'S OPPOSITION TO DEFENDANT HAY'S MOTION TO STAY PROCEEDINGS**

## I. INTRODUCTION

Defendant Jonathan Hay asks the Court to stay this action—and the October 8 evidentiary hearing on damages—pending the outcome of what he describes as an ongoing review by the Los Angeles County District Attorney's Office. But Hay has not established the "special circumstances" required to stay a civil proceeding based on a parallel criminal matter.

The Motion fails at the threshold for two reasons. First, Hay's claimed hardship cannot be reconciled with his own conduct. Hay is the plaintiff in a California civil action that he filed concerning the same 2020-2021 events, and by his own account he served further discovery responses in that action the day before he filed this Motion. A litigant who is voluntarily litigating these facts in one civil court cannot claim hardship from their being touched on in another. Second, the Motion is supported ***by no evidence***. Hay submits no declaration and no exhibit—only an unsourced quotation attributed to an unnamed spokesperson, which does not identify Hay, Plaintiff, or the events at issue here.

Even taking Hay's account at face value, there is no pending criminal case. No charges have been filed, no indictment has issued, and Hay does not identify himself as a criminal target. By his own description, Hay is a "complaining witness" and expressly disclaims reliance on the Fifth Amendment. His motion rests instead on an unsourced June 2026 hearsay statement that the District Attorney's Office was "reviewing" matters. Hay submits no evidence establishing that the review remains ongoing, that a charging decision is imminent, or that any prosecutor or

law-enforcement agency believes the proceedings before this Court would interfere with its work. Instead, his request rests on speculation about a possible future charging decision, not on any demonstrated need for a stay. That showing falls well short of the "special circumstances" required to stay a civil proceeding based on a parallel criminal matter.

The alternative request for a protective order fares no better. Hay identifies no particularized harm warranting restrictions on discovery under Rule 26(c), and Rule 26(c) does not provide a basis to prospectively exclude evidence from the Court's damages hearing.

The Motion should be denied.

## II. LEGAL STANDARD

The pendency of related criminal and civil matters does not automatically require a stay. In the Eleventh Circuit, a stay is warranted only when "special circumstances" require it in the interests of justice. *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 363-65 (11th Cir. 1994); *S.E.C. v. Wright*, 261 F. App'x 259, 262-63 (11th Cir. 2008). Even a blanket assertion of the Fifth Amendment privilege is insufficient. *Wright*, 261 F. App'x at 262-63.

The party requesting a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). And where a stay may prejudice the opposing party, the movant must make out "a clear case of hardship or inequity in being required to go forward." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Courts may consider, among other things, the status of the criminal matter, the

degree of overlap, the parties' respective interests and burdens, the interests of the courts, and the public interest. *See Coquina Invs. v. Rothstein*, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011).

A stay also must have reasonable limits. A stay dependent entirely on the discretionary future action of a third party is "almost definitionally indefinite." *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 652 (11th Cir. 2022).

## III. <u>ARGUMENT</u>

### A. Hay's Own California Litigation Forecloses Any Claim of Hardship

The premise of Hay's Motion is that the 2020-2021 events cannot be aired in a civil forum while the District Attorney's review is open. (Dkt. 31 at 1-2, 4.) Hay's own conduct refutes that premise. Hay is the plaintiff in *Hay v. Combs, et al.*, Los Angeles Superior Court Case No. 25SMCV03462, a civil action that he filed and in which he affirmatively alleges the same events. By his own description, the incidents he reported to law enforcement "include the March 2021 Los Angeles events detailed in the parallel California action." (*Id.* at 2.) He is actively prosecuting that case and has served voluminous responses to written discovery. (*Id.*) Indeed, Hay himself describes the parties there as "locked in continuous, active litigation" concerning "these exact 2020–2021 events while the Los Angeles County District Attorney's review remains open." (*Id.* at 2-3.) Hay has not sought to stay the California action. (Declaration of Eric Pettis ("Pettis Decl.") ¶ 5, Ex. C.) And in this Court, Hay's Motion itself recounts his version of the underlying events

on the public docket and relies on exhibits he has filed here. (Dkt. 31 at 2, 4-5.)

Hay cannot have it both ways. A litigant who is voluntarily pleading, answering discovery on, and publicly litigating a set of facts in one civil court cannot make out “a clear case of hardship or inequity” from having those same facts touched on in another. *Landis*, 299 U.S. at 255. The dilemma Hay describes—remaining silent or “disclosing, in a civil forum, material already with LAPD, LASD, and LADA” (Dkt. 31 at 4)—is a choice he has already made, in the forum he selected. What Hay seeks is not protection of a criminal review but a selective stay: civil litigation proceeds ***where he is the plaintiff*** and halts where he is the defaulted defendant. And he seeks it less than three weeks after the Court denied his motion to set aside the default. (Dkt. 23.)

Nor does the California action create any “risk of conflicting findings.” (Dkt. 31 at 3.) By his default, Hay admitted the well-pleaded allegations of the Complaint. *Nishimatsu Constr. Co. v. Houston Nat’l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Liability is therefore established, and the October 8 hearing will determine Plaintiff’s damages; it will not adjudicate the underlying events anew. Hay has invoked no abstention doctrine, and the pendency of a state-court action that he chose to file supplies no basis to postpone a damages hearing in a case in which his default has been entered and his motion to set it aside has been denied.

### B. Hay’s Motion Is Supported by No Evidence

Hay bears the burden of establishing the need for a stay, *Clinton*, 520 U.S. at 708, yet his Motion is supported ***<u>by no evidence at all</u>***. He submits no

declaration, no exhibit, and no document from any prosecutor or law-enforcement agency. Every factual premise of the Motion—that a criminal review exists, that it remains open, that it concerns the events at issue here, and that Hay is its "complaining witness"—appears only as unsworn assertion in his brief. That is not evidence and would be hearsay in any event. *See Williams v. Comm'r of Soc. Sec.*, 2022 WL 791711, at *6 (11th Cir. Mar. 16, 2022) ("Statements by counsel in briefs are not evidence.") (citing *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980).

The lone item Hay cites is a hearsay statement he attributes to an unnamed "spokesperson" for the District Attorney's Office in June 2026. (Dkt. 31 at 1, 3.) Hay does not attach the statement, identify its source, or say where or to whom it was made. As presented, it is hearsay within hearsay: Hay's unsworn account of what an unidentified person said to an unidentified audience. And even as Hay quotes it, the statement says only that two agencies each presented an investigation "for one victim" and that the office was "reviewing the case." (*Id.*) It does not identify the victim, the subject, or the conduct under review; it does not mention Plaintiff; and it says nothing about the status of any review today, more than three months later.

Hay's request for judicial notice (Dkt. 31 at 6) does not fill the gap. Hay has not supplied the Court with "the necessary information," Fed. R. Evid. 201(c)(2), and judicial notice is in any event "a highly limited process." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). At most, the Court could notice that a statement

was made—not the truth of its contents, and not the inferences Hay layers on top of it: that the review remains open, that it concerns the events underlying this case, or that the October 8 hearing would interfere with it. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

The Motion can be denied on this basis alone. But even accepting Hay's account in full, he has not shown the special circumstances that a stay requires.

### C. Hay Has Not Shown the Special Circumstances Required for a Stay

Even on Hay's own account, there is no parallel criminal proceeding. No one has been charged, indicted, or arrested in connection with the matters Hay identifies. The only thing he cites is the unsourced June 2026 statement discussed above, to the effect that the Los Angeles County District Attorney's Office was "reviewing" investigations presented by LAPD and LASD. (Dkt. 31 at 1, 3.)

Courts have denied stays on materially stronger records. In *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1381–82 (S.D. Fla. 2015), the defendants had received formal letters from a state prosecutor identifying them as subjects of a felony investigation, yet the court concluded that the absence of an indictment weighed heavily against a stay. The Eleventh Circuit reached the same conclusion in *Lot 5*, where the claimant had been advised that she was a target of a criminal investigation, yet the court still found no basis to stay the civil proceeding. 23 F.3d at 364 & n.10.

*Wright* is particularly instructive. There, the defendant had already

defaulted, faced an actual parallel criminal prosecution, and argued that proceeding with the civil case threatened his Fifth Amendment rights. 261 F. App'x at 262-63. The Eleventh Circuit nevertheless affirmed denial of the stay because he failed to demonstrate the required special circumstances. *Id.* at 263. Hay presents a substantially weaker case: there is no criminal prosecution, he identifies himself as the complaining witness rather than a target, and he expressly states that he is not invoking the Fifth Amendment. (Dkt. 31 at 4.) *Cf. Ventura v. Brosky*, 2006 WL 3392207, at *1 (S.D. Fla. Nov. 21, 2006) ("where a defendant in both criminal and civil proceedings must choose between whether to waive his privilege against self-incrimination or to lose the civil case in summary or default judgment proceedings have met this test's burden and warrant a stay"); *see also Fishman v. Fishman*, 2020 WL 13043408, at *2 (S.D. Fla. Aug. 12, 2020) (denying stay until "it becomes clear that the invocation of [defendant's] Fifth Amendment right will result in an adverse judgment").

Finally, to the extent Hay seeks a stay to protect the interests of prosecutors or investigators, he has presented no evidence that any governmental authority has requested one. No prosecutor has appeared in this action, submitted evidence that the October 8 hearing would interfere with an investigation, or otherwise asked this Court to defer its proceedings. Hay's speculation that the hearing could affect a criminal review is insufficient to establish the special circumstances required for a stay.

### D. The Relevant Discretionary Considerations Weigh Against a Stay

In determining whether the required "special circumstances" exist, courts in this Circuit consider practical factors bearing on whether a stay is necessary and equitable, including the extent of overlap between the civil and criminal matters, the status of the criminal matter, the plaintiff's interest in proceeding expeditiously, the burden on the defendant, judicial efficiency, and the interests of nonparties and the public. *See Rothstein*, 2011 WL 2530945, at *1; *In re MMH Auto. Grp., LLC*, 346 B.R. 229, 231-32 (Bankr. S.D. Fla. 2006). Those considerations inform the broader inquiry whether the movant has made the "clear case of hardship or inequity" necessary to justify delaying the opposing party's proceedings. *Landis*, 299 U.S. at 254–55. Here, they weigh against a stay.

***Status of Criminal Matter.*** The status of the purported criminal matter weighs strongly against a stay. There is no criminal case and no evidence of when—or whether—the District Attorney's Office will make the charging decision on which Hay proposes to condition further proceedings.

***Degree of Overlap.*** Nor does the factual overlap establish hardship or inequity for Hay. Liability in this action has already been established by default. The October 8 hearing concerns damages. The Court is not being asked to determine whether anyone committed a criminal offense or whether criminal charges should issue. Whatever the overlap in subject matter, there is no overlap in the issues to be decided.

***The Parties' Interests and Burdens.*** Hay also identifies no concrete personal hardship from proceeding. Again, he describes himself as the complaining witness and does not invoke the Fifth Amendment. And, as discussed above, while he contends that civil litigation concerning the underlying events could interfere with the criminal review, he is simultaneously prosecuting his own California civil action arising from those events and served supplemental discovery responses in that action one day before filing this Motion. (Dkt. 31 at 2; Pettis Decl. ¶¶ 3-4, Exs. A-B.) That ongoing litigation further undermines the contention that allowing this civil proceeding to continue necessarily threatens the alleged criminal review.

By contrast, a stay would further delay Plaintiff's ability to obtain relief in an action in which default has already been entered and the Court has scheduled an evidentiary hearing. The Court has set October 8 for that hearing and the parties have already undertaken the necessary preparation.

***The Request is Indefinite.*** The requested stay presents an additional problem: it is effectively indefinite. Hay does not seek a stay for a fixed period or until the resolution of a pending criminal proceeding; he asks the Court to suspend this action until the District Attorney makes a charging decision or declines to do so. (Dkt. 31 at 6.) He identifies no timetable for that decision and offers no evidence that one is imminent. The Eleventh Circuit has cautioned that a stay whose endpoint depends on the "complete discretion of a third party" is "almost definitionally indefinite" because it has "no exact or even reasonably foreseeable

limits." *Marti*, 54 F.4th at 648. That is precisely the situation here. And Hay's proposal for sixty-day status reports does not cure the problem. *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264, n.3 (11th Cir. 2000) (status report requirement "does not make the scope of the stay less indefinite"). The Court should not postpone a scheduled damages hearing based on an event that may occur at an unknown time—or may not occur at all.

These circumstances do not warrant postponing the scheduled damages hearing.

### E. Hay Has Not Shown Good Cause for His Alternative Rule 26(c) Request

Hay alternatively asks the Court to enter a protective order barring discovery concerning the 2020-2021 events and communications with law-enforcement agencies and prohibiting evidence on those subjects at the damages hearing. (Dkt. 31 at 5.)

Rule 26(c) permits a protective order only "for good cause." Fed. R. Civ. P. 26(c)(1). But Hay identifies no pending discovery that requires protection. Liability has already been established by default, and the only proceeding presently scheduled is the October 8 evidentiary hearing on damages. Nor does Hay make any particularized showing that discovery, if any were sought, would cause annoyance, embarrassment, oppression, or undue burden or expense. His generalized concern that proceedings in this Court could affect a purported criminal review is particularly insufficient where no prosecutor or investigative

agency has identified any such concern. That showing is further undermined by Hay's own California civil action against Wallace, in which Hay has publicly placed the same underlying events at issue. (Pettis Decl. ¶¶ 2-3, 5.) Having chosen to litigate those events affirmatively in another civil forum, Hay does not explain what particularized harm would result from their consideration here.

More fundamentally, Rule 26(c) governs discovery. It does not authorize a party to prospectively exclude evidence from an evidentiary hearing. Because there is no identified discovery dispute to resolve, Hay's alternative request is, in substance, an effort to restrict the evidence the Court may consider at the October 8 damages hearing. The scope of that hearing is governed by the Court's prior orders and the applicable rules of procedure and evidence, not Rule 26(c).

The alternative request should therefore also be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay Proceedings and Alternative Motion for Protective Order.

Dated: September 30, 2026

BITMAN O'BRIEN, PLLC

/s/ Ronnie Bitman

Ronnie Bitman
Fla. Bar No. 0744891
rbitman@bitman-law.com
acrown@bitman-law.com
610 Crescent Executive Ct., Ste. 112
Lake Mary, FL 32746
Telephone: 407.815.3110

and

/s/ Jeremiah Reynolds

Jeremiah Reynolds *(Pro Hac Vice)*
jreynolds@eisnerlaw.com
Eric C. Pettis *(Pro Hac Vice)*
epettis@eisnerlaw.com
EISNER, LLP
433 N. Camden Dr., 4th Floor
Beverly Hills, California 90210
(310) 855-3200

*Attorneys for Christopher J. Wallace*