**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER J. WALLACE,**

**Plaintiff,**

**v.** **Case No: 8:25-cv-03091-MSS-SPF**

**JONATHAN HAY,**

**Defendant.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Stay Proceedings (the "Motion") (Dkt. 31), and Plaintiff's response in opposition thereto. (Dkt. 35) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** the Motion.

## I. BACKGROUND

Defendant seeks a temporary stay of this action pending the outcome of what he claims is an ongoing criminal investigation in the State of California. Alternatively, Defendant seeks a protective order barring discovery or hearing of evidence pertaining to the alleged incidents purportedly at issue in an alleged criminal investigation.

## II. LEGAL STANDARD

### A. Stay of Proceedings

A district court has broad discretion to stay proceedings. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). A stay, however, may not be "indefinite in

scope." Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). The mere existence of parallel criminal and civil proceedings does not compel a stay of the civil proceeding. United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994). "[A] court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" Id.

**B. Protective Order**

Courts have discretion in controlling the discovery in a case. Mut. Serv. Ins. v. Frit Industries, Inc., 358 F.3d 1312, 1322 (11th Cir. 2004). Under Fed. R. Civ. P. 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order." For good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "carries the burden of showing good cause and/or the right to be protected." See Schneider v. Hertz Corp., No. 3:05-cv-1298-J-MCR, 2007 WL 1231834, at *2 (M.D. Fla. Apr. 26, 2007) (citing United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

## III. DISCUSSION

**A. Stay of Proceedings**

Defendant offers no basis for the issuance of an order staying these proceedings. See Coquina Invs. v. Rothstein, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (listing the factors relevant to determining whether special circumstances exist). Defendant's conduct in pursuing his own civil action, see Hays v. Combs, et al., Case

No. 25SMCV03462, (L.A. Cty. Super. Ct. July 7, 2025), militates against granting the Motion. Moreover, Defendant is not the target of the alleged criminal investigation, but rather the complaining witness. Cf. Bowes v. Haymore, No. 13-14304-CIV, 2015 WL 13776963, at *1 (S.D. Fla. Mar. 17, 2015). Thus, "the interests of justice do not require a[] stay because Defendant[]'s Fifth Amendment right . . . is not implicated." Id. Accordingly, the Motion is **DENIED**.

### B. Protective Order

Plaintiff has not indicated any intention of seeking discovery. And, in any event, Defendant has not demonstrated good cause. Accordingly, the Motion is **DENIED**.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Stay Proceedings, (Dkt. 31), is **DENIED**.
2. Defendant's Alternative Motion for Protective Order, (Dkt. 31), is **DENIED**.
3. Notwithstanding the foregoing, the court must reschedule the hearing set for next week due to unforeseen circumstances. The new date for the hearing is October 27, 2026. A new zoom link will be sent to the parties.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Any *Pro Se* parties