**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTOPHER JORDAN WALLACE,
Plaintiff,

v. Case No. 8:25-cv-03091-MSS-SPF

OCT 9 2026 PM2:34
FILED - USDC - FLMD - TPA

JONATHAN HAY,
Defendant.

## DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

Defendant Jonathan Hay, proceeding pro se, moves under Federal Rule of Civil Procedure 11(c) for an order striking the August 2020 end-date allegations in the Complaint and imposing a sanction limited to what suffices to deter repetition.

### I. Preliminary statement

Rule 11(b)(3) requires evidentiary support for a factual contention, or a specific identification of what is likely to have evidentiary support after a reasonable opportunity for investigation. Rule 11(b)(1) forbids a paper presented for an improper purpose. The standard is objective. Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). A sanction under Rule 11(c)(4) must be limited to what suffices to deter repetition. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 405 (1990). This motion is brought under Rule 11. It is not brought under the Court's inherent power. Chambers v. NASCO, Inc., 501 U.S. 32 (1991), is not the authority for the relief requested.

The Complaint alleges that the project involvement ended in August 2020. [Dkt. 1, paragraphs 6 through 8.] Written records already on this docket, and the exhibits to the Supplemental Declaration, show the project continuing after that date, through at least February 3, 2021. [Dkt. 26 and Dkt. 31, Exhibits E-1 through E-4; Supp. Decl., Composite Exhibits A-1 through A-12.]

On September 16, 2026, at 11:06 a.m., Defendant served counsel of record by email with a Rule 11(c)(2) safe-harbor notice and the proposed motion. Exhibit A; Exhibit B. Under Rule 6(a)(1), the day of service is excluded. The 21-day period began September 17, 2026, and ended October 7, 2026. The challenged paragraphs were not withdrawn or corrected. This motion is filed on October 9, 2026, after that period.

### II. The record

1. Paragraphs 6 through 8 are the Complaint's account of the relationship. They place the end of the work in August 2020 and are used to characterize Defendant as a former collaborator whose involvement had ended. [Dkt. 1, paragraphs 6 through 8.]

2. The following writings are contrary to that end date:

a. Producer agreement dated May 19, 2020, with no stream minimum or sales cutoff. Supp. Decl., Composite Exhibit A-1.

b. August 7, 2020 email from Plaintiff: positive feedback from the preview link, and "The journey has just begun!" Supp. Decl., Composite Exhibit A-3.

c. October 6, 2020 email from Think BIG Legal transmitting the executed Seven Seas agreement and Big Poppa (House Mix). Supp. Decl., Composite Exhibit A-4.

d. December 2020 development calls and Zoom invitations, including the Funimation introduction. Dkt. 26 and Dkt. 31, Exhibits E-1 through E-4; Supp. Decl., Composite Exhibits A-5 through A-8.

e. December 19 and 20, 2020 Frank White email chain, in which the project music was included in the launch blast. Supp. Decl., Composite Exhibit A-9.

f. January 6 through February 1, 2021 producer-terms chain. Supp. Decl., Composite Exhibit A-10.

g. February 3, 2021 email confirming a Carl Cox remix of Big Poppa and Fat Beats distribution. Supp. Decl., Composite Exhibit A-11.

Those documents show work continuing through at least February 3, 2021. They do not stop in late January. A reasonable inquiry before filing, and a reasonable inquiry after Dkt. 26, Dkt. 31, and the Supplemental Declaration were of record, required correction of paragraphs 6 through 8.

3. The same record shows a working email. Plaintiff and Willie Mack used jonhay@gmail.com from February 2020 through July 2021. [Dkt. 1, paragraph 8; Hay Decl., paragraphs 3 through 5; Supp. Decl., Composite Exhibits A-2, A-3, and A-9.] Counsel quoted that address in paragraph 8. Process-server returns nevertheless asserted concealment at addresses from which Defendant had been released or which he had vacated. [Dkt. 26 and Dkt. 31, Exhibits F-1 and F-2: Mercado Drive release effective May 29, 2025; New Atlantis Club vacated by January 5, 2026.] No email in this record asks, before April 7, 2026, where Defendant could be personally served. That is the due-diligence failure in the motion to set aside the default. It is cited here because Rule 11(b)(3) also reaches a concealment allegation made without using the address on the face of the pleading.

## III. Argument

A party may not keep a specific historical date in a pleading after contemporaneous documents on the docket refute it, unless the contention is identified as one that will have support after further investigation. Rule 11(b)(3). The August 2020 cutoff is not so identified. It is pleaded as fact. The writings above are the opposite fact. Continuing to advocate that cutoff after those writings were of record lacks evidentiary support.

Rule 11(b)(1) is a separate ground. An improper purpose is not presumed from a weak claim alone. It is raised here because the cutoff is the date the Complaint uses to define the relationship, and because it was maintained after the contrary writings were filed and after the September 16 notice. The Court need not reach improper purpose to strike the unsupported date.

This motion does not ask the Court to decide any other case. The question is whether paragraphs 6 through 8, and the claims that depend on an August 2020 end date, may remain as pleaded.

## IV. Relief requested

Defendant asks the Court to:

1. Strike Dkt. 1, paragraphs 6 through 8, and the claims that depend on the August 2020 end date, or, in the alternative, strike the Complaint, under Rule 11(c)(4);
2. Impose a sanction under Rule 11(c)(4) limited to what suffices to deter repetition of the unsupported cutoff; and
3. Grant any other relief the Court finds just.

## LOCAL RULE 3.01(g) CERTIFICATE

On September 16, 2026, Defendant served counsel for Plaintiff with the safe-harbor notice and proposed motion and asked that paragraphs 6 through 8 be withdrawn or corrected. Counsel did not agree to withdraw or correct those paragraphs during the 21-day period. Defendant will supplement this certificate if a response arrives.

Dated: October 9, 2026.

Respectfully submitted,

/s/ Jonathan Hay
Jonathan Hay
Defendant, Pro Se
jonhay@gmail.com
727.203.9985

## DECLARATION OF COMPLIANCE WITH RULE 11(c)(2)

I, Jonathan Hay, declare under penalty of perjury under 28 U.S.C. section 1746:

1. I am the Defendant, proceeding pro se. I have personal knowledge of the service described below.

2. On September 16, 2026, at 11:06 a.m., I emailed counsel of record for Plaintiff (Jeremiah Reynolds, Eric Pettis, Ari D. Wininger, Lena Cohen, Braeden Greenberg, Eisner docketing,

Ronnie Bitman, and Alexandria Crown) a Rule 11(c)(2) safe-harbor notice and the proposed motion. A true copy of that email is Exhibit A. A true copy of the notice is Exhibit B.

3. Under Rule 6(a)(1) and Rule 11(c)(2), the 21-day period ended October 7, 2026. Plaintiff and counsel have not withdrawn or corrected paragraphs 6 through 8 of the Complaint.

4. Exhibit C is the October 6, 2026 email by which I served the motion to set aside the default and the related declarations. It is not service of this Rule 11 motion. It is attached to show the same counsel addresses remained in use. That email used the caption "[Dkt. 23]" for the Clerk's Entry of Default. The Clerk's Entry of Default is Dkt. 17. This motion does not rely on that earlier caption.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 9, 2026, at San Diego, California.

/s/ Jonathan Hay
Jonathan Hay

## CERTIFICATE OF SERVICE

I certify that on October 9, 2026, I served this motion, the declaration of compliance, and Exhibits A through C by email on counsel of record for Plaintiff at the addresses in Exhibit A, and that on October 9, 2026, I caused the original to be delivered to the Clerk of Court for filing. The September 16, 2026 email was service of the safe-harbor notice, not service of this filed motion.

/s/ Jonathan Hay