**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER J. WALLACE,**

**Plaintiff,**

**v.** **Case No: 8:25-cv-03091-MSS-SPF**

**JONATHAN HAY,**

**Defendant.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion for Reconsideration of Order Denying Stay of Proceedings, (Dkt. 39).[1] Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** reconsideration in part, but **DENIES** any relief.

## I. BACKGROUND

On October 1, 2026, the Court issued an Order denying Defendant's motion for stay of proceedings (Dkt. 36). On October 5, 2026, Defendant, appearing *pro se*, moved the Court for reconsideration of its Order, pointing to various filings which the Court failed to consider. These filings included: (1) Defendant's Motion for Judicial Notice, (Dkt. 44), (2) Defendant's Pre-Hearing Memorandum Requesting Non-Speculative Proof of Unliquidated Damages, (Dkt. 45), (3) Defendant's Supplemental Motion for

---

[1] The Motion is titled "Motion for Reconsideration." However, in its opening line, Defendant moves under Federal Rule of Civil Procedure 54(b) for vacatur of the Court's October 1st Order, (Dkt. 39 at 1). Whether reconsideration or vacatur, the Court's conclusion remains the same.

Judicial Notice and Declaration in Support of Motion to Stay (the "Supplemental Motion"), (Dkt. 42), and (4) Defendant's Witness List, (Dkt. 43).

Defendant's Motions for Judicial Notice and Non-Speculative Proof of Unliquidated Damages were received by the Clerk, and therefore filed, on September 30, 2026, one day before the Court issued its Order. See Fed. R. Civ. P. 5(d)(2). Defendant's Supplemental Motion and Witness List were received by the Clerk on October 1, 2026, two hours after the Court issued its Order. Due to a delay in electronic docketing, the Court was unaware of Defendant's submissions until October 5, 2026, four to five business days after their filing.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P 54(b).

## III. DISCUSSION

### A. The September 30 Filings

Given the electronic docketing delay, the Court finds reconsideration warranted and exercises its discretion under Rule 54(b) to reconsider its Order denying a stay of proceedings in light of Defendant's September 30 filings.

**i. Motion for Judicial Notice**

Defendant asks the Court, before ruling on his motion to stay, to take judicial notice of "a public court record from a parallel California state-court proceeding involving overlapping parties," (Dkt. 44 at 1). The Federal Rules of Evidence permit courts to take judicial notice of an adjudicative fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (en banc). This is because "the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Id.

"Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). As a result, "indisputability is a prerequisite" to judicial notice. Id.

The Court finds the "information from the Trial Readiness Conference . . . in *Johnathan Hay v. Sean Combs, Christopher Jordan Wallace*, et al., Case No. 25SMCV03462," (Dkt. 44 at 1), (1) cannot be disputed in terms of accuracy, and (2) is the type of document the Court would judicially notice. However, the pendency of a

related state court action between the parties and the fact that a jury trial has been scheduled 2028 do not change the Court's reasoning in denying a stay of proceedings. Accordingly, the Court **GRANTS** Defendant's motion for judicial notice, (Dkt. 44), but **DENIES** any relief therefrom.

**ii. Pre-Hearing Memorandum Requesting Non-Speculative Proof of Unliquidated Damages**

Defendant also asks the Court to require "non-speculative proof of every claimed dollar" at the upcoming evidentiary hearing on damages, (Dkt. 45 at 2). Defendant may raise any arguments regarding the standard of proof for damages at the upcoming evidentiary hearing. However, those arguments are not relevant to Defendant's motion for stay.

**B. The October 1 Filings**

Defendant's Supplemental Motion and Witness List stand on a different procedural footing. These documents were received by the Clerk on October 1, 2026, nearly two hours after the Court issued its Order denying the stay.

**i. Supplemental Motion**

A thorough review of Defendant's Supplemental Motion, (Dkt. 42), reveals that it is, in fact and substance, an unauthorized reply to Plaintiff's Response in Opposition to the Motion to Stay, (Dkt. 35). Under Middle District of Florida Local Rules "no party may reply without leave." Loc. R. 3.01(e). Defendant neither sought nor received leave of court to submit this filing.

Moreover, the Supplemental Motion fails of its own accord. In his unauthorized reply, Defendant asks the Court to take judicial notice of eight news reports purporting to establish an as yet uncharged, ongoing criminal investigation by the Los Angeles Police Department and Los Angeles County Sheriff's Department concerning incidents relating to the instant matter. While a court may take judicial notice of a news report solely to acknowledge the fact of its publication, it cannot take notice of the underlying facts or hearsay statements reported within the article, as those assertions remain subject to reasonable dispute. See Fed. R. Civ. P 201(b). Because the news reports of out-of-court statements are inadmissible hearsay, and thus necessarily of disputable accuracy, the Court cannot take judicial notice of them.

What is more, were the Court to overlook these evidentiary defects and take judicial notice of the news reports and hearsay statements contained therein, it would not alter the Court's prior disposition of Defendant's Motion to Stay. The fact of an ongoing criminal investigation in which Defendant is the complaining witness is "no basis for the issuance of [a stay]," (Dkt. 36 at 3-4).

Accordingly, the Supplemental Motion is **STRICKEN**.

### ii. Witness List

Defendant also submitted his Witness List. This submission is not relevant to Defendant's motion for stay.

## IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion for Leave to File Electronically, (Dkt. 39 at 1), is **GRANTED**. The Court notes that even though Defendant is proceeding pro se he is obligated to follow the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and the Administrative Procedures for Electronic Filing when litigating before this Court. Therefore, the Court directs Defendant to review these rules prior to filing any documents on CM/ECF. Failure to abide by the rules may result in the Court's termination of Defendant's CM/ECF access. Plaintiff may obtain a copy of the Local Rules of the Middle District of Florida and the Administrative Procedures for Electronic Filing from the Court's website at www.flmd.uscourts.gov. The Court reserves the right to terminate this privilege if it is abused.

2. Defendant's Motion for Reconsideration, (Dkt. 39), is **GRANTED IN PART and DENIED IN PART**:

   a. Reconsideration is **GRANTED** insofar as the Court has considered Defendant's Motions for Judicial Notice, (Dkt. 44), and Non-Speculative Proof of Unliquidated Damages, (Dkt. 45).

   b. Reconsideration is **DENIED** insofar as the Court declines to consider Defendant's Supplemental Motion, (Dkt. 42), and Witness List, (Dkt. 43).

3. Defendant's Motion for Judicial Notice, (Dkt. 44), is **GRANTED**.

4. Defendant's Supplemental Motion, (Dkt. 42), is **STRICKEN**.

5. Defendant's Motion for Expedited Consideration, (Dkt. 41), is **DENIED AS MOOT**.

6. Upon consideration of the now complete record, Defendant's Motion to Stay Proceedings remains **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
Any *Pro Se* parties